IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02328-WYD-KLM

WELLMAN GIBSON,

      Plaintiff,

v.

ARISTEDES W. ZAVARAS, et al.,
SGT. VERENA PACHECO, and
WARDEN HARTLEY,

      Defendant(s).

_____

## ORDER

_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Request for Appointment of Counsel** [Docket No. 5; Filed September 30, 2009] ("Motion for Counsel"); and **Motion to Add Defendants** [Docket No. 14; Filed October 19, 2009] ("Motion to Amend").

IT IS HEREBY **ORDERED** that the Motion for Counsel [#5] is **DENIED** as set forth below.

The Court does not have the power to appoint an attorney without the attorneys' consent, *Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 310 (1989), nor does the Court have funds available to pay an attorney who agrees to represent an indigent litigant in a civil case. Nevertheless, the Court can seek volunteer counsel to represent a plaintiff such as this Plaintiff if the Court determines in its discretion that is appropriate to do so. The Clerk of the Court maintains a list of *pro se* cases for which the court is seeking volunteer counsel. However, the Court clarifies that mere placement on

this list would not automatically mean that Plaintiff would receive counsel.   Rather, placement on the list results in representation being secured for Plaintiff only if counsel volunteers to represent him.   Because of the number of cases on the list and the shortage of volunteer attorneys, placement on the list frequently does not result in counsel being obtained.   In such circumstances, despite placement of a case on the list, a *pro se* litigant remains responsible for litigating his case himself.

The Court will only seek volunteer counsel for a *pro se* plaintiff if a consideration of the following factors so warrants:   (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the plaintiff's ability to present his claims, and (4) the complexity of the legal issues raised.   *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citing *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)).   A further consideration is whether there exists any special circumstances such as those in *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985), where the *pro se* plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communications.   *See Rucks*, 57 F.3d at 979.

In this case, Plaintiff has minimally demonstrated his ability to frame facts and state claims for relief under various constitutional and statutory provisions.   His filings to date indicate that he has a grasp of the facts and issues in this case, that he is capable of presenting the case, and has presented his claims adequately.   The legal issues, though varied, are not overly complex, novel, or difficult to state or analyze.   Additionally, the record bears no indication that Plaintiff has made efforts to obtain counsel for himself.

The  fact that the Plaintiff is incarcerated, lacks legal training or has limited dexterity does not warrant the need for volunteer counsel.   The fact of Plaintiff's incarceration, lack

2

of legal acumen and other physical limitations are normal, not special, circumstances in this type of case before this Court, and therefore, do not provide special circumstances to consider in determining whether to seek volunteer counsel. Although mindful of the difficulties faced by *pro se* parties, particularly prisoners, courts and legislating bodies have made a distinction between civil and criminal cases regarding the necessity of counsel. *See, e.g., Mallard*, 490 U.S. at 301 (1989) ("Congress did not intend § 1915[(e] to license compulsory appointments of counsel . . . ."); *Custard v. Turner*, No. 06-cv-01036-WYD-CBS, 2008 WL 4838564, at *1 (D. Colo. Nov. 6, 2008) (unpublished decision) (noting that the court is without statutory authority to commit federal funds to "require counsel to represent" an indigent civil litigant). Here, I note that Plaintiff chose to bring this civil action voluntarily knowing the limitations he would face due to his lack of legal training, limited dexterity and incarcerated status. To the extent that Plaintiff feels that he cannot bear these responsibilities, he may voluntarily dismiss his case without prejudice pursuant to Fed. R. Civ. P. 41(a). However, while the case is pending, it remains Plaintiff's legal obligation to comply with my Orders and the Federal and Local Civil Rules. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).

IT IS HEREBY **ORDERED** that Plaintiff's Motion to Amend [#14] is **GRANTED**. Plaintiff may amend his Complaint once as a matter of course prior to answers being filed pursuant to Fed. R. Civ. P. 15(a). Here, no answers have been filed and, consequently, Plaintiff does not need to obtain the Court's permission to add parties or claims. However, in order to effect amendment, Plaintiff must file an Amended Complaint which sets forth the new parties and claims he seeks to add.

IT IS FURTHER **ORDERED** that Plaintiff shall file an **"AMENDED COMPLAINT"**

3

on or before **November 16, 2009**.  The Amended Complaint shall contain (at a minimum), a case caption; a list of parties; a statement of jurisdiction; a summary of his alleged injuries; a list of separately-numbered claims, including the alleged individuals responsible for his injuries and the alleged constitutional rights implicated regarding each claim; a prayer for relief; and Plaintiff's signature.  More specifically, the Amended Complaint shall fully and clearly identify:

(1)     every claim Plaintiff seeks to pursue and the legal basis therefor;

(2)     the names of the individuals Plaintiff seeks to sue as Defendants and their contact information;

(3)     the role each named Defendant allegedly played related to the injuries complained of in Plaintiff's claims; and

(4)     the relief that Plaintiff seeks due to his alleged injuries.

IT IS FURTHER **ORDERED** that Plaintiff shall file his Amended Complaint on the Court's Prisoner Complaint form.

IT IS FURTHER **ORDERED** that the Clerk of Court shall mail to Plaintiff two copies of the following form:  Prisoner Complaint.

The Court notes that Plaintiff has recently docketed pleadings purporting to be letters to the Court regarding the status of pending motions [Docket Nos. 17 & 18].  The Federal and Local Rules Civil Procedure require that parties to civil litigation file *motions* when they seek relief from the Court.  Fed. Rule Civ. P. 7(b)(1) ("An application to the court for an order shall be by motion . . ."); D.C. Colo. L. Civ. R. 7.1(C) & 77.2.  The Court does not consider declarations, letters, or other pleadings not titled as motions or attached to

4

motions.  Further, the Court notes that once a motion has been filed, it will be ruled on in due course and in consideration of the Court's overall docket.  Requests for status of a pending motion are unnecessary and serve only to delay a party's case.

Dated:  October 28, 2009

BY THE COURT:

 s/ Kristen L. Mix

U.S. Magistrate Judge
Kristen L. Mix