IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02328-WYD-KLM

WELLMAN GIBSON,

    Plaintiff,

v.

ARISTEDES W. ZAVARAS, et al.,
SGT. VERENA PACHECO, and
WARDEN HARTLEY,

    Defendant(s).
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Preliminary Injunction Request (Emergency)** [Docket No. 4; Filed September 30, 2009], which the Court construes as a Motion for Preliminary Injunction (the "Motion"). Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO.LCivR 72.1C, the matter has been referred to this Court for recommendation. The Court has reviewed the Motion, Defendants' Response [Docket No. 49], Plaintiff's Reply [Docket No. 50], the entire case file, the applicable law and is sufficiently advised in the premises. For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion be **DENIED**.

### I. Summary of the Facts

Plaintiff, proceeding *pro se*, is currently incarcerated at the Arkansas Valley Correctional Facility ("AVCF") in Crowley, Colorado. In his Complaint, Plaintiff alleges that

the Defendants denied him (1) a Kosher diet; (2) an appropriate area to conduct Jewish services; (3) the right to practice his religious customs; and (4) access to a Jewish television station. He brings his claims pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc-1. *Complaint* [#3]. The individual Defendants are employed by the Colorado Department of Corrections ("CDOC").

In support of his request for injunctive relief, Plaintiff alleges that because he is not being served kosher meals, he has not eaten and "is losing a lot of weight." *Motion* [#4] at 1. He also asserts that he cannot afford to purchase Kosher food at the prison canteen. *Id.* Plaintiff alleges that the CDOC uses the denial of Kosher foods as a behavioral tool and the CDOC's policies are directed at Jewish inmates. *Id.* He requests that the Court order CDOC to "feed my kosher meals." *Id.*

Defendants argue that a preliminary injunction should be denied because Plaintiff cannot demonstrate that he is "likely to suffer imminent, irreparable harm." *Response* [#49] at 4. Defendants have submitted a document that shows that Plaintiff entered into a Religious Diet Participation Agreement in June 2006 in order to receive a Kosher diet. *Id.* Ex. A-1. The agreement provides that if an inmate purchases, possesses or consumes any non-Kosher food, he will be terminated from the program for one year. *Id.* at 2-3. Defendants allege Plaintiff was terminated from the program for consuming non-Kosher food. *Id.* at 3. Finally, Defendants assert that Plaintiff's claim that he is not eating is belied by CDOC records which indicate that Plaintiff has received food through the canteen and in the dining hall. *Id.* Ex A-3, A-4.

## II. Analysis

### A. Standard for Injunctive Relief

As a preliminary matter, because Plaintiff is proceeding *pro se*, the Court must construe his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigants' advocate, nor should the Court "supply additional factual allegations to round out [a *pro se* litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).

Injunctive relief is an extraordinary remedy that should only be granted when the moving party clearly and unequivocally demonstrates its necessity. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). In the Tenth Circuit, a party requesting injunctive relief must clearly establish that: (1) the party will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits. *Id.*

"Because a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (citations omitted). Moreover,

> [b]ecause the limited purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held, we have identified the following three types of specifically disfavored preliminary injunctions . . . (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that [he] could recover at the conclusion of a full trial on the merits.

*Schrier*, 427 F.3d at 1258-59 (citations omitted).  These disfavored injunctions are "more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course."  *Id.* at 1259.

Plaintiff seeks a preliminary injunction which would require Defendants to act and/or otherwise alter the status quo in relation to their dealings with Plaintiff.  For these reasons, the injunctive relief sought by Plaintiff "constitutes a specifically disfavored injunction" that "must be more closely scrutinized."  *Id.* at 1261.  Therefore, "the right to relief must be clear and unequivocal."  *Id.* at 1258.

Additionally, I must consider well-established law that prison management functions should be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively.  *See, e.g.*, *Meachum v. Fano*, 427 U.S. 215 (1976).  Courts should grant injunctive relief involving the management of prisons only under exceptional and compelling circumstances.  *Taylor v. Freeman*, 34 F.3d at 266, 269-70 & n.2 (4th Cir. 1994); *see also Citizens Concerned for Separation of Church & State v. Denver*, 628 F.2d 1289, 1299 (10th Cir. 1980).  Indeed, the Tenth Circuit has stated that it "abhor[s] any situation or circumstance requiring the intervention of the federal courts in matters involving the administration, control and maintenance by the sovereign states of their penal systems. It is a delicate role assigned to the federal courts to display that restraint so necessary 'in the maintenance of proper federal-state relations.'" *Battle v. Anderson*, 564 F.2d 388, 392 (10th Cir. 1977) (citation omitted).  As such, "intervention in the management of state prisons is rarely appropriate when exercising the equitable powers of the federal courts. . . . . [This] is especially true where mandatory injunctive relief is sought and only preliminary

4

findings as to the plaintiff's likelihood of success on the merits have been made." *Taylor*, 34 F.3d at 269 (citations omitted).

### B.     Irreparable Injury

To obtain injunctive relief, Plaintiff must first show that he will suffer irreparable injury if his request for injunctive relief is denied. *Schrier*, 427 F.3d at 1258. "To constitute irreparable harm, an injury must be certain, great, actual 'and not theoretical.'" *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (quoting *Wis. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985)). Irreparable harm is more than "merely serious or substantial" harm. *Id.* (citation omitted). The party seeking the preliminary injunction "must show that 'the injury complained of is of such *imminence* that there is a clear and present need for equitable relief' to prevent irreparable harm." *Id.* (citation omitted). Therefore, to demonstrate irreparable harm, Plaintiff "must establish both that harm will occur, and that, when it does, such harm will be irreparable." *Vega v. Wiley*, 259 Fed. Appx. 104, 106 (10th Cir. 2007) (unpublished decision).

Plaintiff fails to adequately show that he is facing immediate and irreparable harm. He asserts that he is losing weight because of CDOC's refusal to provide him with kosher food. While the allegations contained in the Motion are specific, they are nothing more than allegations and are not strengthened by any documentary evidence, such as medical records attached to the pleadings. In fact, Defendants have provided records indicating that Plaintiff has consumed food since the filing of the Motion on September 10, 2009. Moreover, the Court finds it less than credible that Plaintiff has not eaten any food in over

three months.[1]  Plaintiff has failed to demonstrate that his claims demonstrate more that "merely serious or substantial harm."

Given that I find no support for Plaintiff's contentions that an irreparable injury is imminent, injunctive relief is subject to denial on this basis alone.  *Sampson v. Murray*, 415 U.S. 61, 91-92 (1974) (noting that the failure to show irreparable injury is sufficient ground, by itself, to deny injunctive relief).  However, in the interest of completeness, the Court will briefly address the remaining factors applicable to determine whether a preliminary injunction should enter against Defendants.

### C. Balance of Harm and Public Harm

Even if Plaintiff could demonstrate some injury, he must demonstrate that "the threatened injury . . . outweighs whatever damage the proposed injunction may cause the opposing party" and that "the injunction, if issued, would not be adverse to the public interest." *Schrier*, 427 F.3d at 1258.  Plaintiff has not addressed or demonstrated whether the alleged harm to him outweighs the potential damage the injunction may cause Defendants or whether an injunction would be adverse to the public interest.  Therefore, Plaintiff has failed to meet his burden regarding these two requisite elements.

### D. Substantial Likelihood of Success on the Merits

Finally, Plaintiff must show that he has a substantial likelihood of success on the

---

[1] Most doctors agree that healthy humans can go up to eight weeks without food as long as they have water. Advanced starvation will cause organs to shutdown and may cause hallucinations, convulsions, muscle spasms, and an irregular heartbeat.  *See http://health.howstuffworks.com/live-without-food-and-water1htm.* Plaintiff has regularly been communicated with the Court, most recently on January 11, 2010, belying his health claims.

merits of his claims. *Schrier*, 427 F.3d at 1258. As noted earlier, Plaintiff brings claims under RLUIPA and 42 U.S.C. § 1983. Plaintiff's claims arise from the CDOC's termination of him from the religious diet program.

"[P]rison officials may appropriately question whether a prisoner's religiosity ... is authentic." *Cutter v. Wilkinson*, 544 U.S. 709, 725 n. 13 (2005). The prison may assess the sincerity of an inmate's beliefs in order to administer prison programs and policies. *Gartrell v. Ashcroft*, 191 F.Supp. 2d 23, 35 (D.D.C. 2002); *see also Jackson v. Mann*, 196 F.3d 316, 320 (2d Cir. 1999) (prison officials may inquire into the sincerity of inmate requesting kosher meals). Therefore, a prison policy that terminates an inmate's participation in a religious diet program when he violates the diet requirements does not deny his right to religious freedom. *Daly v. Davis*, No. 08-2046, 2009 WL 773880, at *2 (7th Cir. 2009); *Lovelace v. Lee*, 472 F.3d 174, 208 (4th Cir. 2006); *Brown-El v. Harris*, 26 F.3d 68, 69-70 (8th Cir. 1994).

The case law does not appear favorable to Plaintiff's claims. In addition, Plaintiff fails to specifically address whether he would succeed on the merits of any of his underlying claims. As such, Plaintiff has failed to set forth sufficient proof, at this stage, that he is likely to succeed on the merits of the claims asserted in his Complaint.

### III. Conclusion

Plaintiff has failed to carry his burden of establishing that the circumstances under which he is currently incarcerated give rise to a substantial risk of irreparable harm or place him in imminent danger. Accordingly, as Plaintiff has failed to satisfy the four prerequisites to obtaining a preliminary injunction, I respectfully **RECOMMEND** that the Motion [#4] be

**DENIED**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of the Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dept. of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: January 22, 2010

                                          BY THE COURT:
                                          s/ Kristen L. Mix
                                          U.S. Magistrate Judge
                                          Kristen L. Mix