IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02328-WYD-KLM

WELLMAN GIBSON,

    Plaintiff,

v.

ARISTEDES W. ZAVARAS, KIM BEICKER,
CO LOPEZ,
MAJOR MARTINEZ,
CAPTAIN MATOYER,
SGT. VERENA PACHECO, and
WARDEN HARTLEY,

    Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion to Drop Party from Complaint** [Docket No. 86; Filed March 17, 2010] (the "Motion"). Plaintiff seeks dismissal of Major Martinez as a defendant and the dismissal of Claim Two of his Complaint. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO.LCivR 72.1C, the matter has been referred to this Court for recommendation.[1]

Plaintiff, proceeding *pro se*, is currently incarcerated at the Arkansas Valley Correctional Facility ("AVCF") in Crowley, Colorado. In his Complaint, Plaintiff alleges that the Defendants denied him (1) a Kosher diet; (2) an appropriate area to conduct Jewish

---

[1] The Court has issued a Recommendation that Plaintiff's Motion for Injunctive Relief be denied. [Docket No. 56].

services; (3) the right to practice his religious customs; and (4) access to a Jewish television station. He brings his claims pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc-1. *Complaint* [#3]. The individual Defendants are employed by the Colorado Department of Corrections ("CDOC").

Plaintiff moves to dismiss Defendant Martinez and Count Two because Plaintiff's request for an area for Jewish religious services has been granted by the prison. Pursuant to Fed. R. Civ. P. 41(a),

I **RECOMMEND** that Defendant Martinez and Claim Two be **DISMISSED WITH PREJUDICE**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of the Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dept. of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: March 18, 2010

BY THE COURT:
 s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix