IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02328-WYD-KLM

WELLMAN GIBSON,

    Plaintiff,

v.

ARISTEDES W. ZAVARAS,
KIM BEICKER,
CO LOPEZ,
CAPTAIN MATOYER,
SGT. VERENA PACHECO, and
WARDEN HARTLEY,

    Defendants.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion to Strike Exhibits Attached to Defendants** (sic) **Response to Plaintiffs** (sic) **Preliminary Injunction** [Docket No. 72; Filed February 18, 2010] (the "Motion"). Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO.LCivR 72.1C., the matter has been referred to this Court for recommendation. I have considered the Motion, Defendants' Response [Docket No. 81], Plaintiff's Reply [Docket No. 88], the entire case file and the relevant law.

Plaintiff, proceeding *pro se*, is currently incarcerated at the Arkansas Valley Correctional Facility ("AVCF") in Crowley, Colorado. In his Complaint, Plaintiff alleges that the Defendants denied him (1) a Kosher diet; (2) an appropriate area to conduct Jewish services; (3) the right to practice his religious customs; and (4) access to a Jewish

television station. He brings his claims pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc-1. *Complaint* [#3]. The individual Defendants are employed by the Colorado Department of Corrections ("CDOC").

In addition to the Complaint, Plaintiff filed a motion for a preliminary injunction. [Docket No. 4]. The Court issued a Recommendation that Plaintiff's Motion for Injunctive Relief be denied on January 22, 2010. [Docket No. 56]. Plaintiff now moves to strike the exhibits in Defendants' response to his motion for a preliminary injunction. The exhibits are (1) a copy of the Religious Diet Participation Agreement signed by Plaintiff; (2) an affidavit certifying the records of Plaintiff's compliance with the Agreement; (3) a printout listing Plaintiff's canteen purchases; and (4) incident reports indicating that Plaintiff was seen consuming food in the dining hall. Plaintiff argues that the exhibits are irrelevant and/ or hearsay.

Rule 12(f) of the Federal Rules of Civil Procedure provides, in relevant part, that the court make strike "any redundant, immaterial, and impertinent or scandalous matter." A motion to strike must be filed within 21 days after service of the pleading at issue. *Id.* Motions to strike "are generally a disfavored and drastic remedy." *Sierra Club v. Tri-State Generation & Transmission Ass'n, Inc.*, 173 F.R.D. 275, 285 (D. Colo. 1997). The party filing the Motion has the heavy burden of proving that the materials to be stricken have no bearing on the controversy and that he has been prejudiced. *Board of County Commissioners of the County of La Plata v. Brown Group Retail, Inc.,* No. 08-cv-00855-LTB, 2009 WL 2514094, at * 2 (D. Colo. Aug. 14, 2009).

There is no legal basis for Plaintiff's Motion. First, the motion to strike is untimely. Defendants' pleading and attached exhibits in response to Plaintiff's motion for preliminary injunction were filed on December 23, 2009. [#40]. Pursuant to Rule 12(f), the deadline for any motion to strike was due January 13, 2010. The Report and Recommendation on Plaintiff's Motion for a preliminary injunction was issued on January 22, 2010 [#56]. Plaintiff's present motion was filed on February 18, 2010. Plaintiff has offered no explanation for the delay.

In addition to being untimely, there is no substantive basis for the Motion. Defendants' exhibits are plainly relevant to evaluate the credibility of Plaintiff's claims. The exhibits appear to rebut Plaintiff's claim that he has lost weight because he has not eaten any food. Defendant also submitted affidavits from prison personnel about Plaintiff's compliance with the religious diet. Finally, Defendants filed Plaintiff's canteen records, which listed his food purchases.

All of these exhibits bear directly on Plaintiff's religious diet claims pursuant to 42 U.S.C. § 1983 and RLUIPA.[1] Plaintiff has not met his burden of showing a basis for striking Defendants' exhibits. Accordingly,

IT IS HEREBY **ORDERED** that Plaintiff's Motion [# 72] is **DENIED**.

Dated: May 13, 2010

BY THE COURT:

---

[1] The fact that some of the exhibits are hearsay is of no moment. The affidavits either involve CDOC records of regularly conducted activity, which are admissible as a hearsay exception pursuant to Fed. R. Evid. 803(6), or exhibits that are not hearsay at all. *See Response* [#81] at §§ 12, 13.

3

s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix