IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 09-cv-02328-WYD-KLM

WELLMAN GIBSON,

    Plaintiff,

v.

ARISTEDES W. ZAVARAS,
KIM BEICKER,
CO LOPEZ,
CAPTAIN MATOYER,
SGT. VERENA PACHECO, and
WARDEN HARTLEY,

    Defendants.

---

## MINUTE ORDER

ORDER ENTERED BY CHIEF JUDGE WILEY Y. DANIEL

    The Motion to Dist. Judge to Strike Rulings of Magistrate Judge Mix (docket #97) is **STRICKEN** for failure to comply with this Court's local rules.

    "'[F]ederal magistrate[ judges] are creatures of statute, and so is their jurisdiction.'" *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *NLRB v. A-Plus Roofing, Inc.,* 39 F.3d 1410, 1415 (9th Cir.1994)). "Unlike district judges, they are not Article III judicial officers, and they have only the jurisdiction or authority granted to them by Congress, which is set out in 28 U.S.C. § 636." *Id.* "[W]here the parties did not consent to proceeding before the magistrate judge, *see* § 636(c)(1), the district court may designate a magistrate judge to consider various matters." *Id.* (citing § 636(b)). "These matters are generally categorized as 'dispositive' or 'non-dispositive,'. . . and a magistrate judge's authority with respect to each category is different:

> Magistrates may issue orders as to non-dispositive pretrial
> matters, and district courts review such orders under a
> 'clearly erroneous or contrary to law'" standard of review. 28
> U.S.C. § 636(b)(1)(A). While magistrates may hear
> dispositive motions, they may only make proposed findings
> of fact and recommendations, and district courts must make

>               *de novo* determinations as to those matters if a party objects
>               to the magistrate's recommendations. *Id.* § 636(b)(1)(B),
>               (C).

*Id.* (citing *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1462 (10th Cir.1988). "Section 636(b)(1)(A) lists eight dispositive matters for which the magistrate judge's authority is limited, but this list is not exhaustive." *Id.* "'[M]otions not designated on their face as one of those excepted in subsection (A) are nevertheless to be treated as such a motion when they have an identical effect.'" *Id.* (quoting *Ocelot Oil,* 847 F.2d at 1462).

Here, pursuant to law and the Court's local rules, I designated Magistrate Judge Mix to conduct the following proceedings in this civil action: (1) convene a scheduling conference under Fed.R.Civ.P. 16(b) and enter a scheduling order meeting the requirements of D.C.COLO.LCivR 16.2; (2) conduct such status conferences and issue such orders necessary for compliance with the scheduling order, including amendments or modifications of the scheduling order upon a showing of good cause; (3) convene such settlement conferences and directly related procedures as may facilitate resolution of this case; (4) hear and determine pretrial matters, including discovery and other non-dispositive motions; (5) conduct hearings, including evidentiary hearings, and submit proposed findings of fact and recommendations for rulings on dispositive motions; and (6) conduct a pretrial conference and enter a pretrial order. (Docket # 15.)

Magistrate Judge Mix has appropriately exercised her jurisdiction over this case. She has issued both orders on non-dispositive motions and Recommendations for rulings on dispositive motions. Under the law and the Court's local rules, Plaintiff may file objections to those rulings, which are then before me. Accordingly, motions such as the one filed, do not comply with the Court's local rules and will be stricken.

Dated: May 28, 2010.