IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02328-WYD-KLM

WELLMAN GIBSON,

    Plaintiff,

v.

ARISTEDES W. ZAVARAS,
KIM BEICKER,
CO LOPEZ,
CAPTAIN MATOYER,
SGT. VERENA PACHECO, and
WARDEN HARTLEY,

    Defendants.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion to Reinstate Defendant Martinez and Count Two of Original Complaint** [Docket No. 94; Filed May 19, 2010] ("Motion to Reinstate"); and **Motion to Disqualify Magistrate Judge Mix for Bias and Prejudice with Supporting Affidavit** [Docket No. 96; Filed May 27, 2010] ("Motion to Recuse").

IT IS HEREBY **ORDERED** that the Motion to Reinstate is **DENIED**. Per District Judge Daniel's Order on April 21, 2010, Defendant Martinez and Count Two were dismissed **<u>with prejudice</u>**. *Order* [#91] at 2-3. The dismissal of this party and this claim operates as the law of the case, and they cannot be reinstated. To the extent that Plaintiff contends that new events have occurred after the dismissal was effected, those alleged

events are not at issue in the pending case, and Plaintiff cannot raise them pursuant to reinstatement.

IT IS HEREBY **ORDERED** that the Motion to Recuse is **DENIED** for the reasons set forth below.

As grounds for the Motion to Recuse, Plaintiff contends that I have entered several rulings which are adverse to his interests. *Motion to Recuse* [#96] at 1-2. He also contends that I "continue[] to rule on issues that should be in front of the Dist. Judge . . . ." *Id.* at 2. Specifically, he takes issue with my ruling on May 13, 2010 that there was no legal basis to strike Defendants' pleadings. *Order* [#92] at 3.

Pursuant to 28 U.S.C. § 455(a), a Magistrate Judge shall disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned." In the Tenth Circuit, courts use a "reasonable person" standard in applying the statute. *See, e.g.*, *Hinman v. Rogers,* 831 F.2d 937, 939 (10th Cir. 1987); *see also United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993) ("The standard is purely objective. The inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. In applying the test, the initial inquiry is whether a reasonable *factual* basis exists to call the judge's impartiality into question.").

The purpose of the statue is not to provide litigants with "a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." *Cooley*, 1 F.3d at 993. Moreover, "a judge has a strong duty to sit when there is no legitimate reason to recuse." *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002) (citation omitted). "'[U]nsubstantiated suggestions, speculations [and] opinions[]' are insufficient to establish even the appearance of any bias, prejudice, or misconduct that

2

would warrant judicial recusal." *Carpenter v. Boeing Co.,* 456 F.3d 1183, 1204 (10th Cir. 2006) (citation omitted).

Although Plaintiff's dissatisfaction with the Court is manifest, there is no basis for concluding that my impartiality in this matter might reasonably be questioned. Indeed, the Tenth Circuit has made clear that although recusal motions are frequently based upon speculation or beliefs, prior adverse rulings in the proceeding, and/or baseless personal attacks on the judge by a party, none of these circumstances warrants recusal. *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [Further], judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.").

To the extent that Plaintiff takes issue with my involvement in resolving motions he would prefer were handled by Judge Daniel, I note that Judge Daniel has expressly authorized me to participate in this case and to issue rulings accordingly [Docket No. 15]. Further, I note that on May 28, 2010, Judge Daniel struck Plaintiff's motion to strike all of my prior rulings and informed Plaintiff that I have "appropriately exercised [my] jurisdiction over this case." *Order* [#99] at 2. Finally, to the extent that Plaintiff seeks review of my May 13, 2010 Order, the proper method is to file an objection. *See id.*

Simply put, there is no reason why my impartiality might *objectively* or *reasonably* be questioned in this case. The allegations and accusations made in the Motion to Recuse are unsubstantiated and insufficient. My duty remains to hear the case as assigned.

Dated: June 7, 2010

BY THE COURT:

 s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix