IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 09-cv-02328-WYD-KLM

WELLMAN GIBSON,

    Plaintiff,

v.

ARISTEDES W. ZAVARAS,
KIM BEICKER,
CO LOPEZ,
CAPTAIN MATOYER,
SGT. VERENA PACHECO, and
WARDEN HARTLEY,

    Defendants.

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

I.     <u>INTRODUCTION</u>

THIS MATTER is before the Court on Plaintiff's Preliminary Injunction Request (Emergency) (docket #4), filed September 30, 2009 (hereinafter referred to as the "Motion"). The Motion was referred to Magistrate Kristen L. Mix for a Recommendation by Order of Reference dated October 23, 2009. Magistrate Judge Mix issued a Recommendation on January 22, 2010 that the above referenced Motion be denied. (Recommendation at 7-8.) The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b).

Magistrate Judge Mix advised the parties that they had fourteen (14) days to serve and file written, specific objections to the Recommendation. (Recommendation at

8.) On February 17, 2010, after requesting additional time which was granted, Plaintiff filed a timely Objection which necessitates a *de novo* determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

## II. BACKGROUND

In his Complaint, Plaintiff alleges that the Defendants denied him (1) a Kosher Diet; (2) an appropriate area to conduct Jewish services; (3) the right to practice his religious customs; and (4) access to a Jewish television station. Plaintiff brings these claims pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA").

The pending Motion seeks a preliminary injunction which would require Defendants to act and/or otherwise alter the status quo in relation to their dealings with Plaintiff. In support of the Motion, Plaintiff alleges that since he is not being served Kosher meals, he is not eating and is suffering adverse health effects. Plaintiff also asserts that he cannot afford to purchase Kosher food at the prison canteen. Plaintiff requests that the Court order the Defendants to provide him with Kosher meals.

## III. ANALYSIS

As stated earlier, Magistrate Judge Mix recommends that Plaintiff's Motion be denied. (Recommendation at 7-8.) In her Recommendation, Magistrate Judge Mix concluded that "Plaintiff has failed to carry his burden of establishing that the circumstances under which he is currently incarcerated give rise to a substantial risk of irreparable harm or place him in imminent danger." (Recommendation at 7.)

To obtain injunctive relief, the movant must show: (1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest." *General Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007). When a preliminary injunction would alter the status quo, such as requiring Defendants to immediately provide Plaintiff with Kosher meals, Plaintiff bears a heightened burden and "must make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms." *O Centro Espirita Beneficente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 976 (10th Cir. 2004), *aff'd*, 546 U.S. 418 (2006). Further, "A preliminary injunction is an extraordinary remedy; it is the exception rather than the rule." *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984). The right to relief must be "clear and unequivocal." *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003).

In her Recommendation, Magistrate Judge Mix first found that "[t]o constitute irreparable harm, an injury must be great, actual 'and not theoretical.' *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (citation omitted). Therefore, to demonstrate irreparable harm, Plaintiff 'must establish both that harm will occur, and that, when it does, such harm will be irreparable.' *Vega v. Wiley*, 259 Fed. Appx. 104, 106 (10th Cir. 2007)." (Recommendation at 5.) After reviewing Plaintiff's Motion, Magistrate Judge Mix concluded that the Plaintiff failed to adequately show that he is facing immediate and irreparable injury. Magistrate Judge Mix found that based on the

evidence presented, Plaintiff's contentions "are nothing more than allegations and are not strengthened by any documentary evidence, such as medical records attached to the pleadings." (Recommendation at 5.) "In fact, Defendants have provided records indicating that Plaintiff has consumed food since the filing of the Motion on September 10, 2009." (Recommendation at 5.) Moreover, Magistrate Judge Mix found that it is "less credible that Plaintiff has not eaten any food in over three months." (Recommendation at 6.) Based on the above information, Magistrate Judge Mix determined that Plaintiff has failed to show that his claims demonstrate more than "merely serious or substantial harm." (Recommendation at 6.)

Second, Magistrate Judge Mix determined that "even if Plaintiff could demonstrate some injury, he must demonstrate that 'the threatened injury . . . outweighs whatever damage the proposed injunction may cause the opposing party' and that 'the injunction, if issued, would not be adverse to the public interest.'" (Recommendation at 6.) Magistrate Judge Mix found that the "Plaintiff has not addressed or demonstrated whether the alleged harm to him outweighs the potential damage the injunction may cause Defendants or whether an injunction would be adverse to the public interest." (Recommendation at 6.) Finally, Magistrate Judge Mix noted that the case law does not appear favorable to Plaintiff's claims. (*See* Recommendation at 6.) Additionally, Plaintiff failed to set forth sufficient evidence to demonstrate a substantial likelihood of success on the merits of the claims asserted in his Complaint.

In his Objection, Plaintiff complains that he did not consent to the jurisdiction of a magistrate judge to hear his pending Motion. Plaintiff also asserts that since being

terminated from receiving a Kosher diet in September of 2009, he has been forced to eat non-Kosher food.  Plaintiff also contends that he will suffer irreparable harm because his religion requires that he eat Kosher food and the Defendants' actions have forced him to abandon his religious tenets.  After carefully reviewing the file in this matter, I overrule Plaintiff's objections.  I note that Plaintiff admits in the Objection that he is, indeed, eating food, although his preference is to eat Kosher food.  The issue raised in the Motion was that Plaintiff was not eating *any* food and was subject to potential health concerns due to not eating.  Based on the evidence submitted, I agree with Magistrate Judge Mix that Plaintiff failed to demonstrate that he is subject to imminent irreparable injury.

Additionally, I note that it appears that Plaintiff's remaining arguments were not raised before Magistrate Judge Mix.  As such, they are not properly raised in Plaintiff's Objection to Magistrate Judge Mix's Recommendation.  The District Court need not consider frivolous, conclusive or general objections.  Further, at least one court has stated that arguments not provided to the attention of the magistrate judge will not be considered in connection with review of nondispositive motions.  *Claytor v. Computer Associates Intern., Inc.*, 211 F.R.D. 665, 667 (D. Kan. 2003).  "The court reiterates that this is not a de novo review permitting a 'second shot' based on new arguments." *Id.* (citing *City of Wichita v. Aero Holdings, Inc.*, 192 F.R.D. 300, 302 (D. Kan. 2000)).  Accordingly, I overrule the remaining objections posited by the Plaintiff.  I agree with Magistrate Judge Mix that Plaintiff has failed to sustain his burden of establishing that the circumstances of his incarceration give rise to a substantial risk of irreparable harm

or place him in imminent danger. Accordingly, I conclude that Plaintiff has failed to satisfy the four prerequisites to obtain a preliminary injunction.

After carefully reviewing Magistrate Judge Mix's Recommendation and Plaintiff's Objection, I agree with Magistrate Judge Mix that Plaintiff's Motion should be denied for the reasons stated in both the Recommendation and this Order. Magistrate Judge Mix's Recommendation is thorough, well reasoned and is adopted. Accordingly, Plaintiff's Objection is overruled. To the extent Plaintiff asserts other objections, I find them without merit.

IV. CONCLUSION

For the reasons stated above, it is

ORDERED that the Recommendation of United States Magistrate Judge Mix (docket #56), filed January 22, 2010, is **AFFIRMED** and **ADOPTED**.

In accordance therewith, it is

FURTHER ORDERED that Plaintiff's Preliminary Injunction Request (Emergency) (docket #4) is **DENIED.**

Dated: June 22, 2010

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge