IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02328-WYD-KLM

WELLMAN E. GIBSON,

    Plaintiff,

v.

ARISTEDES W. ZAVARAS,
KIM BEICKER,
CO LOPEZ,
CAPTAIN METOYER,
SGT. VERENA PACHECHO, and
WARDEN HARTLEY,

    Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on the **Defendants' Motion to Dismiss Complaint or, in the Alternative, Motion for Summary Judgment** [Docket No. 54; Filed January 19, 2010] filed by Defendants Metoyer, Martinez, Beicker, Zavaras, Pacheco and Hartley. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.CivR. 72.1C., the Motion has been referred to this Court for recommendation. The matter has been fully briefed and is ripe for resolution. The Court has considered the Motion, Plaintiff's Reply, and the applicable case law and is sufficiently advised in the premises. For the reasons set forth below, the Court recommends that the Motion be **GRANTED** in part and **DENIED** in part and that summary

1

judgment be **GRANTED** in favor of Defendants Zavaras, Beicker, Metoyer[1] and Hartley. In addition, I **RECOMMEND** that the remaining claims against Defendant Lopez be **DISMISSED without prejudice**.

## I. Factual and Procedural Background

Plaintiff is an inmate incarcerated in the Arkansas Valley Correctional Facility, Crowley, Colorado. Plaintiff filed this *pro se* case pursuant to 42 U.S.C. § 1983, and RLUIPA, 42 U.S.C. § 2000cc, against Defendants on March 1, 2010 [Docket No. 77]. In his Amended Complaint,[2] Plaintiff alleges that Defendants denied Plaintiff a kosher diet without due process. (Claim One). *Motion* [#54] at 2; *Amended Complaint* [#29] at 6. Plaintiff alleges that "[Defendant] Pacheco claimed . . . that [Plaintiff] ate a non-Kosher cookie. [Also, that Defendant] Pacheco wrote a report and started [the] process that [took Plaintiff] off his religious meals [without due process]." *Id.* Plaintiff alleges that Defendants denied him the right to "practice his" religion. (Claim Three). *Id.* at 8. Plaintiff specifically alleges that as a "Jewish inmate [he is] the only one[]" who "CAN NOT wear" his Kippah. *Id.* (emphasis in original). Finally, that Plaintiff's treatment based on his Jewish faith amounts to a "[c]onstituational [v]iolation of [e]qual [p]rotection." (Claim Four). *Id.* at 9. To supplement his equal protection claim, Plaintiff asserts that the fact that the only television station offered in the prison is "Christian based" indicates a "definite bias [against] Judaism." *Id.*

---

[1] Defendant Metoyer's name is misspelled "Capt. Matoyer" in Plaintiff's Amended Complaint [Docket No. 29]. Plaintiff uses various spellings for Defendant Metoyer in his Amended Complaint and Reply. This Recommendation follows the consistent spelling used by Defendants.

[2] Plaintiff's Claim Two and Defendant Martinez have been dismissed with prejudice pursuant *Order Affirming and Adopting Rec. See Order* [#91] at 2.

2

Plaintiff states several requests for relief based on the above claims. *See id.* at 12. Plaintiff seeks declaratory and injunctive relief for his alleged mistreatment in prison because of his religion. *Id.* Plaintiff also seeks damages in the amount of three hundred dollars for each day the CDOC withheld kosher meals from him. *Id.* Plaintiff requests that the CDOC remove the Christian television station or add more religious television stations. *Id.* Finally, Plaintiff seeks additional damages in the amount of three hundred dollars per day for his mental and emotional injuries. *Id.*

In response, Defendants argue that Plaintiff's Amended Complaint should be dismissed pursuant to the Prison Litigation Reform Act ("PLRA") 42 U.S.C. § 1997e(e). *Motion* [#54] at 4. Defendants contend that Plaintiff failed to exhaust his administrative remedies. *Id.* at 4, 6. Defendants also argue that Plaintiff should not be allowed to seek damages because he has failed to allege a physical injury, as required by the PLRA. *Id.* at 6. Defendants Zavaras and Metoyer argue that Plaintiff has failed to allege facts demonstrating their personal participation in the alleged constitutional violations. *Id.* at 7.

## II. Standard of Review

### A. Motion to Dismiss

Defendants assert that Plaintiff's claims should be dismissed based on the PLRA and the lack of personal participation by Defendants in the alleged constitutional violation. The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible

grounds' that discovery will reveal evidence to support plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). That is, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *TON Services, Inc. v. Qwest Corp.*, 493 F.3d 1225, 1235 (10th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009). Moreover, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Id.* (citation omitted). As the Tenth Circuit has explained, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). However, "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 129 S. Ct. at 1949 (citation omitted).

**B. Motion for Summary Judgment**

Defendants' assertion that Plaintiff has failed to exhaust his claims is pursuant to the standard for summary judgment. *See Pope v. Wiedow*, No. CIV-07-1332, 2009 WL 3698475, at *2, (W.D. Okla. Nov. 4, 2009) (identifying summary judgment as the appropriate standard of review for a prisoner's failure to exhaust pursuant to the PLRA) (unpublished decision). The purpose of a summary judgment motion is to assess whether trial is necessary. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Fed. R. Civ. P 56(c) provides that summary judgment shall be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it might affect the outcome of the suit pursuant to the governing substantive law. *Id.*

The movant must show the absence of a genuine issue of material fact. *Alder v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998) (citing *Celotex*, 477 U.S. at 323). When the movant does not bear the ultimate burden of persuasion at trial, the "movant may make its prima facie demonstration [of the absence of a genuine issue of material fact] simply by pointing out to the [C]ourt a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Id.* at 671.

After the movant has met his initial burden, the burden shifts to the nonmovant to put forth sufficient evidence for each essential element of the claim such that a reasonable jury could find in his favor. *See Anderson*, 477 U.S. at 248; *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). The

nonmovant must go beyond the allegations and denials of his pleadings and provide admissible evidence, which the Court views in the light most favorable to the nonmovant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1490 (10th Cir. 1995) (citing *Celotex*, 477 U.S. at 324). Conclusory statements based merely on conjecture, speculation, or subjective belief are not competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004). Further, the nonmoving party's affidavit or evidence must be more than "mere reargument of a party's case or a denial of an opponent's allegation" or it will be disregarded. *See* 10B Charles Alan Wright et al., *Federal Practice and Procedure* § 2738 at 356 (3d ed. 1998).

### C. Plaintiff's Status

The Court must construe the filings of a *pro se* litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### III. Analysis

### A. Exhaustion

Defendants move to dismiss Claims One, Three and Four for failure to exhaust

administrative remedies pursuant to 42 U.S.C. § 1997e. Defendants argue that Plaintiff "did not complete the grievance process <u>prior</u> to filing Claim One, as mandated by the PLRA." *Motion* [#54] at 5 (emphasis in original). Regarding Claims Three and Four, Defendants argue that Plaintiff's claims against them should be dismissed because Plaintiff "failed to exhaust his available administrative remedies." *Motion* [#85] at 6.[3]

The PLRA requires that a claim regarding prison conditions must first be exhausted before a prisoner may challenge those conditions via a federal complaint. *Porter v. Nussle*, 534 U.S. 516, 520 (2002) ("1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences."). The applicable section of the PLRA states that:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. 1997e(a).

"There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory."). However, the burden is not on Plaintiff to sufficiently plead exhaustion or attach exhibits proving exhaustion. *Jones*, 549 U.S. at 215. Rather, the burden is on Defendants to assert a failure to exhaust in their summary judgment

---

[3] As discussed previously, Defendants' assertion that Plaintiff has failed to exhaust is reviewed under the summary judgment standard. Therefore, the Court may consider items outside the Complaint. Specifically, I may consider exhibits attached to Plaintiff's Reply that Plaintiff argues demonstrate he has met the exhaustion requirement. *See Reply* [#77] at 3-9.

7

motion. If the evidence presented does not create a genuine issue in Plaintiff's favor as to whether his remaining claims were properly exhausted, the Amended Complaint *must* be dismissed without prejudice. *See Dawson v. Werholtz*, No. 07-3165, 2008 WL 1773866, at *1 & n.1 (D. Kan. Apr. 16, 2008) (citing *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007)) (noting that dismissal of unexhausted claims on summary judgment should be without prejudice) (unpublished decision).

"[I]t is the prison's requirements, not the PLRA, that define the boundaries of proper exhaustion." *Jones*, 549 U.S. at 218. "Compliance with prison grievance procedures, therefore, is all that is required by PLRA to 'properly exhaust.'" *Baldauf v. Garoutte*, No. 03-cv-01104, 2007 WL 2697445, at *4 (D. Colo. Sept. 11, 2007) (citation omitted) (unpublished decision). Here, the grievance procedures and methods for tracking filed grievances are described in an affidavit provided by a CDOC grievance officer. *See Motion* [#54] at 4 Ex. A-1 ¶ 3. In order to exhaust his administrative remedies, an inmate must complete all three steps of the process. *Id.* at ¶ 4.

Plaintiff does not offer any evidence showing that he exhausted Claim One prior to filing the current Complaint. *See Reply* [#77] at 1. In fact, Plaintiff admits that he did not exhaust his administrative remedies prior to filing the Complaint. Rather, Plaintiff exhausted on December 17, 2009, after this case was filed, when the grievance officer issued his response to Plaintiff's Step 3 Grievance. *Motion* [#54] Ex. A-1, ¶ 6; *Reply* [#77] at 1. It is undisputed that Plaintiff failed to exhaust Claim One before filing the present lawsuit.

Plaintiff's initial failure to exhaust need not necessarily bar judicial consideration of Claim One. The purpose of the exhaustion requirement is "to reduce the quantity and

8

improve the quality of prisoner suits" by (1) allowing prison officials the opportunity to address an inmate's complaint; (2) filtering out frivolous lawsuits; and (3) creating an administrative record to facilitate the litigation process. *Porter*, 534 U.S. at 524-25. The requirement affords prison officials "the opportunity to take some corrective action that would preclude litigation." *Beaudry v. Corr. Corp. of America*, 331 F.3d 1164, 1167 (10th Cir. 2003).

Because Claim One is now exhausted, dismissal would not serve any of the objectives of the exhaustion requirement. Prison officials have already attempted to address the allegations from Claim One. The claims were not deemed legally frivolous in preliminary review. The administrative record is complete. Therefore, I will address the merits of Claim One in section B.

As to Plaintiff's other claims, CDOC records indicate that Plaintiff never filed a grievance alleging that he cannot wear a Kippah (Claim Three). *Motion* [#54] Ex. A-1, ¶ 10. Additionally, Defendants claim, and Plaintiff does not dispute, that Plaintiff did not exhaust Claim Four. *Motion* [#54] at 6; *Reply* [#77] at 2. Based on these facts, I find that Defendants have met their initial burden of demonstrating that Plaintiff has not exhausted Claims Three and Four. The burden therefore shifts to Plaintiff to show the existence of a genuine dispute about his alleged failure to exhaust. As noted above, Plaintiff does not provide any evidence that he exhausted Claims Three and Four. Instead, to demonstrate that Claim Three has been exhausted, Plaintiff attaches to his Reply unrelated grievance procedures and a letter from the CDOC threatening to limit his access to the grievance procedure. *Id.* at 1, 3, 5, 6. Further, presumably to demonstrate Claim Four has been exhausted, Plaintiff attaches a letter unrelated to any claims at issue. *Id.* at 8.

9

The exhaustion requirement, with a few exceptions not present here, is only satisfied when the prisoner complies with the prison's grievance process. *See Woodford*, 548 U.S. at 84. Correspondence by an inmate to prison officials does not comply with the grievance procedure. *See Robinson-Bey v. Feketee*, 219 Fed. Appx. 738, 741 (10th Cir. 2007) (holding that multiple letters between prison administration and a *pro se* prisoner, none of which followed proper administrative grievance procedure, did not exhaust prisoner's claim) (unpublished opinion); *see also Peoples v. Gilman*, 109 Fed. Appx. 381, 383 (10th Cir. 2004) (holding that despite legal letters sent by a *pro se* prisoner plaintiff, "[he] did not demonstrate that he exhausted his administrative remedies pursuant [to the prison grievance] procedure, [therefore] his claim was properly dismissed.") (unpublished decision); *Chavez v. Thorton*, No. 05-cv-00607, 2008 WL 2020319, at * 4 (D. Colo. May 9, 2008) (holding that a prisoner's handwritten letter, not drafted on the appropriate grievance form, failed to meet the PLRA's stringent exhaustion requirement) (unpublished decision). Moreover, submitting unrelated grievances does not properly exhaust a claim regarding a prisoner's particular grievance. *See Lewis v. Orman*, No. CIV 06-200, 2008 WL 728539, at *3 (E.D. Okla. March 18, 2008) (a *pro se* prisoner plaintiff did not exhaust by filing grievances unrelated to the claims at issue in the litigation) (unpublished decision).

Plaintiff's failure to exhaust should only be excused when grievance procedures were not available, where Plaintiff was prevented from filing a grievance or when the facility refused to answer a grievance. *See Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). Plaintiff does not provide any tenable evidence that a legitimate exception exists to justify his failure to exhaust. Therefore, summary judgment should be entered in favor of Defendants for Claims Three and Four based on Plaintiff's failure to exhaust.

**B. Personal Participation of Defendants Metoyer and Zavaras**

Defendants Metoyer and Zavaras argue that Plaintiff's Amended Complaint fails to allege any facts showing that either Defendant personally participated in the alleged constitutional violations. *Motion* [#54] at 7. Specifically, Defendant Metoyer contends that the Complaint "does not contain any specific facts showing that [she] actually participated in the alleged misconduct or, with knowledge, approved of, acquiesced in or failed to stop it." *Id.* at 8.

Evidence of a party's personal participation in an alleged constitutional violation is essential to proceeding with a § 1983 claim against that party. *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). An affirmative link must exist between the alleged constitutional violation and the Defendants' participation, control or direction. *Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151-52 (10th Cir. 2006); *Whitelow v. Stanley*, 06-cv-02256, 2007 WL 4268961, at *6 (D. Colo. Nov. 28, 2007) (unpublished decision). Furthermore, general, conclusory allegations, without supporting factual averments, are insufficient to state a constitutional claim against a defendant. *Riddle v. Mondragon*, 83 F.3d 1197, 1205 (10th Cir. 1996). Instead, "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's actions harmed him or her, and what specific legal right the plaintiff believed the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Plaintiff claims that because Defendant Metoyer is the kitchen supervisor, "all reports [regarding kosher meals] would be cleared through her & have her approval." *Amended Complaint* [#29] at 6. Plaintiff's complaint must be based upon more than the mere

allegation that because an individual is a supervisor, that defendant is also responsible for Plaintiff's alleged injuries. *Pembaur v. City of Cincinnati*, 475 U.S. 468, 478-79 (1986); *see also Woodward v. City of Worland*, 977 F.2d 1392, 1399-1400 (10th Cir. 1992) (noting that in order to plead the liability of a supervisor, a plaintiff must show he personally directed the alleged offensive conduct or knew plaintiff's rights were being violated but did not prevent it); *Benglen v. Zavaras*, 7 F. Supp. 2d 1171, 1173-74 (D. Colo. 1998) (requiring an "affirmative link" between supervisor's own conduct and the alleged violation). "Because 'mere negligence' is not enough to hold a supervisor liable under § 1983, a plaintiff must establish that the supervisor acted knowingly or with deliberate indifference that a constitutional violation would occur." *Serna*, 455 F.3d at 1151 (quoting *Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 1997)). Finally, "such a broad theory of liability is inconsistent with the personal responsibility requirement for assessing damages against public officials in a section 1983 action." *Crowder v. Lash*, 687 F.2d 996, 1006 (7th Cir. 1982).

Plaintiff's Amended Complaint fails to allege any personal knowledge or participation beyond Defendant Metoyer's supervisory role. In fact, Plaintiff acknowledges that Metoyer only acts in a supervisory role. *See Amended Complaint* [#29] at 6. Claim One against Defendant Metoyer should be dismissed because Plaintiff fails to allege that she personally participated in the alleged constitutional violation.

The same infirmity exists as to Defendant Zavaras. The Amended Complaint only mentions Defendant Zavaras in his capacity as a supervisor. *Id.* Specifically, Plaintiff alleges that all prison "employees [were] acting under [the] direction" of Defendant Zavaras when the alleged constitutional violation occurred. *Id.* As with Defendant Metoyer, Plaintiff

12

fails to allege Defendant Zavaras participated in any capacity beyond the role of a supervisor. Defendant Zavaras should be dismissed.

### C. Physical Injury Requirement[4]

In addition to exhaustion and personal participation, Defendants argue that Claim One should be dismissed because Plaintiff "failed to allege that he suffered from a physical injury anywhere in his Amended Complaint." *Motion* [#54] at 7. Defendants contend that because Plaintiff failed to allege a physical injury his "claims for compensatory damages and/or damages for emotional distress are barred under the PLRA." *Id.*

Defendants rely on subsection (e) of the PLRA, which states that "[n]o Federal civil action maybe brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The limitations under § 1997e(e) only apply to suits for damages. Therefore, "§ 1997e(e) does not affect actions for declaratory or injunctive relief." *Perkins v. Kan. Dep't of Corrections*, 165 F.3d 803, 807-08 (10th Cir. 1999); *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001). Additionally, "[t]he plain language of § 1997e(e) applies only to actions 'for mental or emotional injury.' While a claim for compensatory damages would clearly be barred in the absence of any showing of physical harm, it is not clear that a claim for either punitive or nominal damages [is] also barred." *Perkins*, 165 F.3d at 808 n.6.

Plaintiff contends that he has alleged a physical injury pursuant to the PLRA

---

[4] Claim One also includes Defendant Metoyer. However, as discussed previously, Plaintiff has failed to state any personal participation by her in the alleged constitutional violation. Therefore, Plaintiff may not seek injunctive relief against Defendant Metoyer.

because he claims to have suffered "weight loss" as a result of Defendants' conduct. *Reply* [#77] at 2; *Amended Complaint* [#29] at 15. Defendants are correct that "weight loss in itself has been deemed to be insufficient to demonstrate physical injury under the PLRA." *Murray v. Edwards Country Sheriff's Dep't*, 453 F.Supp. 2d 1280, 1292 (D. Kan. 2000) (citing *Davis v. District of Columbia*, 158 F.3d 1342, 1344 (D.C. Cir.1998)); *Plasencia v. California*, 29 F. Supp.2d 1145, 1151 (C.D. Cal. 1998). "[N]umerous courts have held that weight loss is insufficient to support any award for emotional distress under 42 U.S.C. § 1997e(e)." *Raheem v. Miller*, No. CIV-09-80-C, 2010 WL 2595112, at *15 (W.D. Okla. May 14, 2010) (unpublished decision); *see also Agrawal v. Briley*, 02-cv-06807, 2006 WL 3523750, at *14 (N.D. Ill. Dec. 6, 2006) (noting that "'pain of hunger,' standing alone, [likely fails to] overcome[] the PLRA's bar to recovering compensatory damages for non-physical injury.") (unpublished decision).

Without a legally sufficient physical injury Plaintiff may not recover monetary damages. Specifically, Plaintiff is barred from seeking the three hundred dollars "a day [he seeks in his Amended Complaint] for mental and emotional injury." *Amended Complaint* [#29] at 12. However, dismissal of the entire claim is inappropriate because Plaintiff may still obtain injunctive or declaratory relief. Therefore, the sole remaining viable claim is a "permanent injunction" against Defendants Pacheco and Lopez[5] ordering Defendants to reinstate Plaintiff's kosher diet. *Id.*

**D. Order to Show Cause**

Pursuant to the Order to Show Cause issued on June 16, 2010, [Docket No. 101],

---

[5] As discussed below Defendant Lopez has not been served.

Plaintiff was directed to demonstrate why the Court should not recommend that the case against Defendant Lopez be dismissed pursuant to Fed. R. Civ. P. 4(m). The Court ordered that on or before July 2, 2010, Plaintiff was to either file proof of service or respond and show good cause for failure to properly serve Defendant Lopez, or to provide additional information to help Defendants identity him.

As noted in the Order to Show Cause, all Defendants have waived service except for Defendant Lopez [Docket No. 101]. Service of process could not be effected on Defendant Lopez because the Amended Complaint lacks sufficient identifying information. Four employees at the Arkansas Correctional Facility have the surname of Lopez [Docket No. 32]. The allegations in the Amended Complaint do not name a specific officer.

Plaintiff filed his Second Amended Complaint on November 5, 2009 [Docket No. 29] naming Defendant Lopez as a party. Pursuant to Fed. R. Civ. P. 4(m), the deadline for service on Defendant Lopez was March 5, 2010. Plaintiff has not effected service or provided sufficient information so that the Court, through the U.S. Marshal, can effect service on his behalf. While Fed. R. Civ. P. 4(c) requires that the Court effect service of the Summons and Complaint for plaintiffs proceeding *in forma pauperis*, Plaintiff must provide sufficient information for the Court to do so. *See Hill v. Ortiz*, No. 07-cv-00571, 2008 WL 2020289, at *6 (D. Colo. May 9, 2008) (unpublished decision)

Further, Plaintiff failed to respond to the Order to Show Cause [Docket No. 101]. Fed. R. Civ. P. 4(m) authorizes the Court to dismiss a party's case for his failure to timely serve a summons and complaint unless the party can show good cause for his failure. In this case, Plaintiff failed to provide any reason for his failure to timely serve Defendant Lopez.

Although the Court may extend the time for a plaintiff to serve a defendant even without a showing of good cause, *Espinoza v. United States*, 52 F.3d 838, 840-41 (10th Cir.1995), the Court is not inclined to do so here. The claim against Lopez has been pending since November 5, 2009 [Docket No. 24]. Plaintiff failed to effect service of Defendant Lopez within one-hundred twenty days of his inclusion as a party in this case, failed to provide sufficient contact information for the Court to do so despite a request from the Court, [Docket No. 32], and failed to provide good cause for the Court to find an opportunity to cure the service deficiency in the future. Further, Plaintiff was warned in advance that the penalty for the inability to serve or for failing to provide good cause for the service delay would be dismissal of the unserved Defendant. *See Guarneros v. Deutsche Bank Trust Co. Americas*, 08-cv-01094, 2009 WL 2338054, at *2 (D. Colo. July 27, 2009) (unpublished decision).

### IV. Conclusion

IT IS HEREBY **RECOMMENDED** that Defendants' Motion for Summary Judgment be **GRANTED** pursuant to Fed. R. Civ. P. 56(b) and that judgment be entered in favor of Defendants Zavaras, Biecker, Metoyer, and Hartley.

IT IS FURTHER **RECOMMENDED** that Defendants' Motion to Dismiss be **GRANTED IN PART** and **DENIED IN PART** pursuant to Fed. R. Civ. P. 12(b)(6).

IT IS FURTHER **RECOMMENDED** that Defendants' Zavaras and Metoyer's Motion to Dismiss be **GRANTED** pursuant to Fed. R. Civ. P. 12(b)(6) for failing to allege that Defendants personally participated in the alleged constitutional violation.

IT IS FURTHER **RECOMMENDED** that Defendants Pacheco's Motion to Dismiss

be **DENIED.**

IT IS FURTHER **RECOMMENDED** that the claims against Defendant Lopez be **DISMISSED without prejudice** pursuant to Fed. R. Civ. P. 4(m) for failure to serve Defendant Lopez within 120 days.

IT IS FURTHER **ORDERED** that pursuant to Fed.R.Civ.P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed.R.Civ.P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: August 10, 2010

                                                BY THE COURT:
                                                s/ Kristen L. Mix
                                                U.S. Magistrate Judge