IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 09-cv-02328-WYD-KLM

WELLMAN GIBSON,

    Plaintiff,

v.

ARISTEDES W. ZAVARAS,
KIM BEICKER,
CO LOPEZ,
CAPTAIN MATOYER,
SGT. VERENA PACHECO, and
WARDEN HARTLEY,

    Defendants.

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

I.    INTRODUCTION

THIS MATTER is before the Court on the Defendants' Motion to Dismiss Complaint, or, in the Alternative, Motion for Summary Judgment (ECF No. 54), filed January 19, 2010 by Defendants Metoyer, Martinez, Beicker, Zavaras, Pacheco and Hartley (hereinafter referred to as the "Motion"). The Motion was referred to Magistrate Judge Kristen L. Mix for a Recommendation by Order of Reference dated October 23, 2009. Magistrate Judge Mix issued a Recommendation on August 10, 2010 that the above referenced Motion be granted in part and denied in part and that summary judgment be granted in favor of Defendants Zavaras, Beicker, Metoyer and Hartley. Additionally, Magistrate Judge Mix recommends that the remaining claims against

Defendant Lopez be dismissed without prejudice.  (Recommendation at 1-2.)  The Recommendation is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b).

Magistrate Judge Mix advised the parties that they had fourteen (14) days to serve and file written, specific objections to the Recommendation.  (Recommendation at 8.)  On August 23, 2010, Plaintiff filed a timely Objection which necessitates a *de novo* determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive.  Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

II.     BACKGROUND

In this action, Plaintiff alleges that the Defendants denied him (1) a Kosher Diet; (2) an appropriate area to conduct Jewish services; (3) the right to practice his religious customs; and (4) access to a Jewish television station.  Plaintiff brings these claims pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA").  Plaintiff seeks the following relief: (1) declaratory and injunctive relief; (2) damages in the amount of $300 per day for each day the CDOC withheld kosher meals from him; (3) the CDOC remove the Christian television channel or add additional religious television options; and (4) damages in the amount of $300 per day for his mental and emotional injuries.

In the Motion, Defendants assert that Plaintiff's claims should be dismissed based on both the Prison Litigation Reform Act ("PLRA") and the lack of Defendants' personal participation in the alleged constitutional violation.  Defendants also assert that

Plaintiff failed to exhaust his claims pursuant to the standard for summary judgment.

III.    ANALYSIS

    A.    Exhaustion

Defendants move to dismiss Claims One, Three and Four for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e. In her Recommendation, Magistrate Judge Mix noted that the PLRA requires that a claim regarding prison conditions must first be exhausted before a prisoner may challenge those conditions via a federal complaint. *Porter v. Nussle*, 534 U.S. 516, 520 (2002) ("1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences"). Magistrate Judge Mix also stated that "[t]he burden is on the Defendants to assert a failure to exhaust in their summary judgment motion. If the evidence presented does not create a genuine issue in Plaintiff's favor as to whether his remaining claims were properly exhausted, the Amended Complaint must be dismissed without prejudice." (Recommendation at 7-8) (citing *Dawson v. Werholtz*, No. 07-3165, 2008 WL 1773866, at *1 & n.1 (D. Kan. Apr. 16, 2008); *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007) (noting that dismissal of unexhausted claims on summary judgment should be without prejudice) (unpublished decision)).

After considering Plaintiff's claims and the controlling authority, Magistrate Judge Mix first recommends that Defendants' Motion be granted to the extent that summary judgment should be entered in favor of Defendants for Claims Three and Four based on Plaintiff's failure to exhaust. (Recommendation at 10.) Magistrate Judge Mix found that

"Plaintiff's failure to exhaust should only be excused when grievance procedures were not available, where Plaintiff was prevented from filing a grievance or when the facility refused to answer a grievance. *See Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). Plaintiff does not provide any tenable evidence that a legitimate exception exists to justify his failure to exhaust." (Recommendation at 10.)

In his Objection, Plaintiff admits that with respect to Claim Three, he did not exhaust his grievances through the proper procedures because "grievance procedures were not available." (Objection at 1.) Instead, Plaintiff submits an exhibit, which shows that he attempted to amend the CDOC's faith group practices. The request was denied. Plaintiff contends that he was prohibited from filing a grievance because the CDOC took too much time to reply to the request, thus, Plaintiff's grievance would have been filed out of time. (Objection at 1.)

After carefully reviewing the file in this matter, I overrule Plaintiff's Objection. I find Plaintiff's proffered exhibit fails to provide any tenable evidence that a legitimate exception exists to justify Plaintiff's failure to exhaust Claim Three. Plaintiff provides no supporting authority nor any explanation as to what event precipitated his filing of the proffered document or whether he attempted to follow-up on his request or actually file a grievance. Simply put, Plaintiff's submission of the exhibit, standing alone, fails to provide information to substantiate his claim that he was denied the opportunity to file a grievance. Thus, I agree with Magistrate Judge Mix's well-reasoned conclusion that Defendants satisfied their burden of showing that Plaintiff did not exhaust Claim Three. Finally, Plaintiff does not object to Magistrate Judge Mix's finding that Claim Four was

not exhausted and I find no error with this conclusion. Therefore, summary judgment should be entered in favor of Defendant on Claims Three and Four for failure to exhaust. These claims are dismissed without prejudice.

B. Personal Participation of Defendants Metoyer and Zavaras

In their Motion, Defendants Metoyer and Zavaras assert that Plaintiff's Amended Complaint fails to allege any facts showing that either Defendant personally participated in the alleged constitutional violations. Magistrate Judge Mix noted that "[e]vidence of a party's personal participation in an alleged constitutional violation is essential to proceeding with a § 1983 claim against that party. *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976)." (Recommendation at 11.) She further stated that "[a]n affirmative link must exist between the alleged constitutional violation and the Defendants' participation, control or direction. *Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151-52 (10th Cir. 2006); *Whitelow v. Stanley*, 06-cv- 02256, 2007 WL 4268961, at *6 (D. Colo. Nov. 28, 2007) (unpublished decision). Furthermore, general, conclusory allegations, without supporting factual averments, are insufficient to state a constitutional claim against a defendant. *Riddle v. Mondragon*, 83 F.3d 1197, 1205 (10th Cir. 1996)." (Recommendation at 11.)

Magistrate Judge Mix found that Plaintiff's Amended Complaint fails to allege any personal participation on the part of Defendant Metoyer, as the kitchen supervisor, that she was responsible for Plaintiff being denied kosher meals. In fact, Magistrate Judge Mix stated that Plaintiff "acknowledges that Metoyer only acts in a supervisory role." (Recommendation at 12.) Similarly, Magistrate Judge Mix found that Plaintiff failed to

allege Defendant Zavaras personally participated in any capacity beyond his role as a supervisor.

In his Objection, Plaintiff cites a case from the District of South Dakota that was substantially reversed by the Eight Circuit Court of Appeals. (Objection at 1.) Plaintiff does not explain how the cited case applies to the facts of the instant action nor offers any further information on why Magistrate Judge Mix's conclusion is erroneous. After reviewing the case cited by Plaintiff, I overrule his Objection. First, this Court is not bound by a district court decision from another circuit that was, in large part, reversed by the appellate court. Second, I find Magistrate Judge Mix's Recommendation on this issue to be thorough and well-reasoned. Magistrate Judge Mix cites the appropriate, controlling legal standard and details the deficiencies in Plaintiff's allegations concerning Defendant Metoyer's and Zavaras' personal participation in the alleged constitutional violations. Therefore, I agree with Magistrate Judge Mix that Claim One should be dismissed against Defendant Metoyer. I also agree with Magistrate judge Mix that Defendant Zavaras should be dismissed from this action.

C.     Physical Injury Requirement

In their Motion, Defendants contend that Claim One should be dismissed because Plaintiff failed to allege a physical injury in his Amended Complaint. In other words, because Plaintiff failed to allege a physical injury, his claims for compensatory damages and damages for emotional distress are barred under the PLRA.

Subsection (e) of the PLRA states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or

emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). However, the limitations set forth in § 1997e(e) only apply to actions for damages. Therefore, Magistrate Judge Mix noted that "§ 1997e(e) does not affect actions for declaratory or injunctive relief. " (Recommendation at 13) (internal citations omitted). Moreover, "[t]he plain language of § 1997e(e) applies only to actions for mental or emotional injury. While a claim for compensatory damages would clearly be barred in the absence of any showing of physical harm, it is not clear that a claim for either punitive or nominal damages [is] also barred." (Recommendation at 13) (internal citations omitted).

Magistrate Judge Mix concluded that Plaintiff's allegation of weight loss as a result of Defendants' conduct "has been deemed insufficient to demonstrate physical injury under the PLRA." (Recommendation at 14) (internal citations omitted). "[N]umerous courts have held that weight loss is insufficient to support any award for emotional distress under 42 U.S.C. § 1997e(e)." *Raheem v. Miller*, No. CIV-09-80-C, 2010 WL 2595112, at *15 (W.D. Okla. May 14, 2010) (unpublished decision); *see also Agrawal v. Briley*, 02-cv-06807, 2006 WL 3523750, at *14 (N.D. Ill. Dec. 6, 2006) (noting that "'pain of hunger,' standing alone, [likely fails to] overcome[] the PLRA's bar to recovering compensatory damages for non-physical injury.") (unpublished decision). Therefore, Magistrate Judge Mix recommends that Plaintiff be barred from seeking monetary damages ($300 per day) for mental and emotional injury. However, she concludes that "dismissal of the entire claim is inappropriate because Plaintiff may still obtain injunctive or declaratory relief. Thus, the sole remaining, viable claim is a

'permanent injunction' against Defendants Pacheco and Lopez ordering Defendants to reinstate Plaintiff's kosher diet." (Recommendation at 14.)

Plaintiff objects by citing a Tenth Circuit opinion, *Kikumura v. Hurley*, 242 F.3d 950 (10th Cir. 2001), without any further explanation. I overrule this Objection. First, *Hurley* is distinguishable from the issue at hand. *Hurley* deals with a federal prisoner seeking injunctive relief, not monetary damages, under the Religious Freedom Restoration Act ("RFRA"). Moreover, the *Hurley* Court was reviewing the district court's denial of a request for a preliminary injunction. *Id.* In contrast, here, Magistrate Judge Mix examined the issue of whether monetary damages were available to Plaintiff pursuant to his Constitutional allegations in the context of a motion to dismiss pursuant to the PLRA. Given the controlling law, Magistrate Judge Mix determined that because Plaintiff failed to allege a physical injury, his claims for compensatory damages and damages for emotional distress are barred under the PLRA. I find that the *Hurley* case is inapposite, and Plaintiff offers no argument nor any explanation in support of his Objection. Accordingly, after carefully reviewing Magistrate Judge Mix's Recommendation and Plaintiff's Objection, I agree with Magistrate Judge Mix that Plaintiff's claims for monetary damages should be dismissed. I also agree, however, that Plaintiff's claim for a permanent injunction against Defendant Pacheco ordering the reinstatement of Plaintiff's kosher diet should not be dismissed at this time.

D.    Order to Show Cause

Finally, Magistrate Judge Mix recommends that Defendant Lopez be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m). On June 16, 2010, Magistrate Judge

Mix issued an Order to Show Cause noting that "all Defendants have waived service except for Defendant Lopez [Docket No. 101]. Service of process could not be effected on Defendant Lopez because the Amended Complaint lacks sufficient identifying information. Four employees at the Arkansas Correctional Facility have the surname of Lopez [Docket No. 32]. The allegations in the Amended Complaint do not name a specific officer." (Recommendation at 15.) Magistrate Judge Mix then directed Plaintiff to either file proof of service of Defendant Lopez or respond and show good cause for failure to properly serve him, or to provide additional information to help Defendants identity Defendant Lopez. Plaintiff failed to respond to the Order to Show Cause, thus, Magistrate Judge Mix recommends that Defendant Lopez be dismissed without prejudice under Fed. R. Civ. P. 4(m). (Recommendation at 15.)

Plaintiff objects arguing that the Court "has had [Defendant Lopez's] full name" for six months and that "[c]ounsel knew his name and refused to provide [it]." (Objection at 2.) Plaintiff provides no further information or support for his contention. Based on my review of the record, it is clear that Plaintiff failed to respond to the June 16, 2010 Order to Show Cause. Thus, I agree with Magistrate Judge Mix that Defendant Lopez should be dismissed without prejudice under Fed. R. Civ. P. 4(m). Magistrate Judge Mix's Recommendation is thorough, well reasoned and is adopted. Accordingly, Plaintiff's Objection is overruled. To the extent Plaintiff may assert other objections that are not specifically addressed herein, I find no merit to them.

IV. CONCLUSION

For the reasons stated above, it is

ORDERED that the Recommendation of United States Magistrate Judge Mix (ECF No. 108), filed August 10, 2010, is **AFFIRMED** and **ADOPTED**.

In accordance therewith, it is

FURTHER ORDERED that Defendants' Motion for Summary Judgment (ECF No. 54) is **GRANTED** pursuant to Fed. R. Civ. P. 56(b) and that judgment shall be entered in favor of Defendants Zavaras, Biecker, Metoyer and Hartley on Claims Three and Four for failure to exhaust. These claims are **DISMISSED WITHOUT PREJUDICE**. It is

FURTHER ORDERED that Defendants' Motion to Dismiss (ECF No. 54) is **GRANTED IN PART and DENIED IN PART** pursuant to Fed. R. Civ. P. 12(b)(6) as follows: Defendants Zavaras and Metoyer's Motion to Dismiss is **GRANTED** pursuant to Fed. R. Civ. P. 12(b)(6) for failing to allege that Defendants personally participated in the alleged constitutional violation. Defendant Pacheco's Motion to Dismiss is **DENIED.** It is

FURTHER ORDERED that the claims against Defendant Lopez are **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 4(m) for failure to serve Defendant Lopez within 120 days.

Dated: September 22, 2010

                BY THE COURT:

                s/ Wiley Y. Daniel
                Wiley Y. Daniel
                Chief United States District Judge