IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 09-cv-02328-WYD-KLM

WELLMAN GIBSON,

    Plaintiff,

v.

ARISTEDES W. ZAVARAS,
KIM BEICKER,
CO LOPEZ,
CAPTAIN MATOYER,
SGT. VERENA PACHECO, and
WARDEN HARTLEY,

    Defendants.

**ORDER**

THIS MATTER is before the Court on the Plaintiff's Motion to Alter or Amend Judgment Pursuant to Rule 59(e) or in the Alternative, Objection to Courts Ruling on September 22, 2010 (ECF No. 114), filed September 30, 2010. The Court construes this pleading as a motion to reconsider under Fed. R. Civ. P. 59(e) since objections to a district judge's order are clearly improper under the applicable law and governing rules. Fed. R. Civ. P. 72; *see Phelps v. Hamilton*, 122 F.3d 1309, 1323-24 (10th Cir. 1997) (holding that a pleading will be considered a motion under Rule 59(e) when it involves reconsideration of matters properly encompassed in a decision on the merits).

There are three major grounds that justify reconsideration of a motion under Rule 59(e): (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Servants*

*of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000); *see also Phelps*, 122 F.3d at 1324 ("[a] Rule 59(e) motion to alter or amend the judgment should be granted 'only to correct manifest errors of law or to present newly discovered evidence'") (quotation and internal quotation marks omitted). Thus, "a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete*, 204 F.3d at 1012. Such a motion is committed to the trial court's discretion. *See Phelps*, 122 F.3d at 1324.

In the case at hand, Plaintiff has not advanced any change in the law or newly discovered evidence. Plaintiff simply rehashes arguments that were previously rejected Moreover, he has not shown any clear error in the Court's ruling. Finally, he has not shown that the Court misapprehended the facts, the parties' positions or controlling law. Accordingly, the only ground that Plaintiff could possibly rely on in support of his motion is the need to prevent manifest injustice. I find that Plaintiff has not established this need. Thus, I find that the motion for reconsideration is not proper and should be denied. Accordingly, it is

ORDERED that the Plaintiff's Motion to Alter or Amend Judgment Pursuant to Rule 59(e) or in the Alternative, Objection to Courts Ruling on September 22, 2010 (ECF No. 114) which the Court construes as a motion to reconsider under Fed. R. Civ. P. 59(e) is **DENIED.**

Dated: October 6, 2010

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge