IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02328-WYD-KLM

WELLMAN GIBSON,

    Plaintiff,

v.

ARISTEDES W. ZAVARAS, et al.,
SGT. VERENA PACHECO, and
WARDEN HARTLEY,

    Defendants.
_____

**ORDER DENYING STAY**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Request for a Stay of Proceedings** [Docket No. 132; Filed January 3, 2011] (the "Motion"). Pursuant to the Motion, Plaintiff contends that he needs a six-month stay of his case because he is scheduled for surgery and because he has been placed in administrative segregation and deprived of his legal materials. Due to the vague and conclusory nature of the information provided by Plaintiff, the Court directed Defendants to respond and specifically provide the Court with the following information: (1) the date of Plaintiff's surgery; (2) the reason for Plaintiff's surgery and his projected recovery time; (3) how long Plaintiff has been confined in administrative segregation; (4) how long Plaintiff is expected to be confined in administrative segregation; (5) whether Plaintiff has access to legal materials while confined in administrative segregation; and (6) whether Defendants oppose the imposition of a stay. *Minute Order* [Docket No. 135].

Defendants filed a Response [Docket No. 137] to the Motion on January 13, 2011. Pursuant to the Response, Defendants indicate that contrary to Plaintiff's contention, Plaintiff is <u>not</u> scheduled to receive any surgery. In addition, Defendants inform the Court that while Plaintiff had been confined in administrative segregation from December 16, 2010 through December 30, 2010 due to a disciplinary infraction, he is <u>not</u> currently confined in administrative segregation and is <u>not</u> denied access to legal material or information contained at the law library. While Plaintiff has been transferred to a more restrictive facility following his release from administrative segregation, he is able to request that legal and library material be delivered to his cell, and has "access to a facility legal assistant, legal photocopies, supplies and envelopes." *Response* [#137] at 2. Given the fact that the Motion is based upon false and misleading information, Defendants oppose the imposition of a stay.

IT IS HEREBY **ORDERED** that the Motion is **DENIED**. As a preliminary matter, a portion of the Motion is based upon assertions that are, at worst, blatantly false, and at best, unsubstantiated. Fed. R. Civ. P. 11 requires that all parties, including *pro se* parties, ensure that their pleadings are truthful and accurate. The failure to do so can result in imposition of severe sanctions, including monetary penalties, dismissal of a party's case, and an injunction from filing future lawsuits. Plaintiff is not shielded from the imposition of one or more of these penalties on the basis of his *pro se* status. *See, e.g.*, *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005) (citing *Theriault v. Silber*, 579 F.2d 302, 303 (5th Cir. 1978)); *Clements v. Chapman*, 189 Fed. Appx. 688, 693 (10th Cir. 2006) (unpublished decision). While the Court does not intend to impose any sanctions at this time, **Plaintiff is warned that the filing of any future pleadings which are false or**

**misleading may result in sanctions, including the dismissal of his case.**

Considering Plaintiff's Motion on its merits, stays are generally disfavored in this District. *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) (unpublished decision). However, a stay may be appropriate in certain circumstances, and the Court weighs several factors in making a determination regarding the propriety of a stay. *See String Cheese Incident, LLC v. Stylus Show, Inc.*, No. 02-cv-01934, 2006 WL 894955, at * 2 (D. Colo. Mar. 30, 2006) (unpublished decision) (denoting a five-part test). The Court considers (1) the interest of Plaintiff; (2) the burden on Defendants in going forward; (3) the Court's convenience; (4) the interest of nonparties, and (5) the public interest in general. *Id.* Here, those factors weigh against entry of a stay.

In relation to Plaintiff's interest, although Plaintiff's access to legal materials and the law library has admittedly been reduced, he does not specifically contend that he is hindered by this limitation or that he is unable to meet any case deadlines as a result. In addition, I note that Plaintiff's arguments for entry of a stay relate to alleged circumstances that ordinarily do not justify imposition of a stay. *See Siegert v. Gilley*, 500 U.S. 226, 231-32 (1991) (noting that immunity is a threshold issue and a case should be stayed while the issue is pending); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding stay permissible pending ruling on dispositive motion involving jurisdictional issue). By contrast, in relation to Defendants' interest, I note that Defendants oppose any imposition of a stay in this case. This is primarily justified because there is no basis for it, but also because Plaintiff has attempted to mislead the Court. On balance, the Court finds that the consideration of these two factors weighs against the imposition of a stay in this case.

The Court also considers its own convenience, the interest of nonparties, and the public interest in general. None of these factors prompts the Court to reach a different result. The Court is inconvenienced by an ill-advised stay because the delay in prosecuting the case which results from imposition of a stay makes the Court's docket less predictable and, hence, less manageable. This is particularly true here where there is a feeble basis for imposing a stay and no credible suggestion that any party will be unable to satisfy case requirements. While the Court identifies no particular interest of persons not parties in the litigation, the Court identifies a strong interest held by the public in general regarding the prompt and efficient handling of all litigation. Under these circumstances, the Court finds that a stay of the case is not warranted.

Dated: January 18, 2011

BY THE COURT:

  s/ Kristen L. Mix
United States Magistrate Judge
Kristen L. Mix