IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02328-WYD-KLM

WELLMAN GIBSON,

     Plaintiff,

v.

SGT. VERENA PACHECO,

     Defendant.

_____

## ORDER DENYING STAY
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Request for Stay of Proceedings** [Docket No. 176; Filed October 5, 2011] (the "Motion"). Pursuant to the Motion [#176], Plaintiff contends that he needs a 90-day stay of his case, plus a 90-day extension of the deadline to file dispositive motions, due to surgery on his left arm that occurred on September 26, 2011. Due to the vague and conclusory nature of the information provided by Plaintiff, the Court directed Defendants to respond and specifically provide the Court with the following information: (1) the date of Plaintiff's surgery; (2) the reason for Plaintiff's surgery and his projected recovery time; and (3) whether Defendants oppose the imposition of a stay. *See Minute Order* [#178].

Defendants filed a Response to the Motion on October 17, 2011 [#179]. Defendants included an Affidavit of Paula J. Frantz, M.D. and accompanying exhibits with their Response [#179-1]. Dr. Frantz is the Chief Medical Officer for the Colorado Department

of Corrections. *Aff.* [#179-1] at 1. She attests that Plaintiff "underwent right carpal tunnel release surgery on April 14, 2011 and left ulnar nerve transposition surgery on September 26, 2011." *Id.* She explains that Plaintiff's medical records "show that he is almost fully recovered from the transposition surgery," and he "was able to move all of his fingers without any problems and had normal muscle strength in both hands." *Id.* at 2. Notably, the September 26, 2011 surgery affected Plaintiff's left elbow, and according to Dr. Frantz, "Plaintiff is right-handed." *Id.* at 1-2. Dr. Frantz represents that "there is no indication from [Plaintiff's] medical records that he is currently unable to read or write." *Id.* at 2. Defendants therefore oppose Plaintiff's request for a stay. [#179] at 2.

Plaintiff proceeds *pro se* in this matter, and as such, the Court is obligated to liberally construe his filings and treat his requests for relief with a certain level of flexibility. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be Plaintiff's advocate, nor should the Court "construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). Furthermore, as the Court has already informed Plaintiff, he must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994); *see also Recommendation* [#108] at 6.

Plaintiff initiated this lawsuit on September 24, 2009. *See Motion and Affidavit for Leave to Proceed Under 28 U.S.C. 1915* [#1]. Since that time, Plaintiff has requested stays or extensions of time in this matter at least ten times [#65, #66, #73, #125, #132, #141, #146, #148, #169, #176].

On September 30, 2009, Plaintiff filed a Motion for Preliminary Injunction [#4].

During the pendency of that motion, Plaintiff submitted an Amended Complaint [#29], the currently governing pleading.  On January 19, 2010, Defendants filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment [#54].  On January 27, 2010, the Court issued a Recommendation [#56] on the Motion for Preliminary Injunction [#4].   On February 1, 2010, Plaintiff filed a Motion for Extension of Time to File Response [#65] to the Recommendation [#56] as well as a Motion for Extension of Time to File Response/Reply [#66] to the Motion to Dismiss or, in the Alternative, Motion for Summary Judgment [#54].  These were both granted by the Court [#69].

On February 18, 2010, Plaintiff filed a Motion for Extension of Time [#73] to "strike Defendants['] exhibits attached to their response to Plaintiff[']s Preliminary Injunction Request."  The Court denied the motion as moot [#76], because Plaintiff has already filed his Motion to Strike Exhibits Attached to Defendants' Response to Plaintiff's Motion for Preliminary Injunction [#72] and because no deadline had been set by which Plaintiff was required to file a motion to strike, if any.

On October 18, 2010, Plaintiff filed a Motion for Extension of Time to File Appeal Pursuant to Rule 4(a)(5),(A)(i)&(ii) [#125].  That motion was terminated on October 16, 2010 pursuant to a Mandate [#127] by the United States Court of Appeals terminating Plaintiff's appeal for lack of prosecution.

On January 3, 2011, Plaintiff requested a Stay of Proceedings [#132] based on scheduled surgery and administrative segregation.  The Court issued a Minute Order [#135] requiring Defendants to file a response to Plaintiff's request.  Defendants did so [#137], and the Court thereafter issued an Order Denying Stay [#138], finding that part of Plaintiff's request for a stay was "based upon assertions that are, at worst, blatantly false, and at

best, unsubstantiated."  Plaintiff was warned that "the filing of any future pleadings which are false or misleading may result in sanctions, including the dismissal of his case."

On January 28, 2011, Defendant Verena Pacheco ("Pacheco") filed a Motion for Summary Judgment [#139],[1] and on February 4, 2011, Plaintiff filed a Motion for Extension of Time to File Response/Reply as to Motion for Summary Judgment [#141].  On February 7, 2011, the Court granted this request and ordered Plaintiff to file his Response by March 20, 2011 [#143].

On March 4, 2011, Plaintiff filed a Motion Requesting Stay of Proceedings [#146] and, on March 9, 2011, a Motion Requesting Extension [#148].  On April 4, 2011, the Court granted Plaintiff's request and ordered a stay in all proceedings in the case until August 1, 2011 [#157] due to surgery on Plaintiff's dominant hand.  The Court denied Defendant Pacheco's Motion for Summary Judgment [#139] without prejudice at the same time.

On August 19, 2011, the Court ordered dispositive motions in the case to be filed no later than October 1, 2011 [#165].  On September 20, 2011, Plaintiff filed a Request for Stay of Proceedings and Confer with Attorney General [#169], which the Court denied on September 26, 2011 [#172].  On September 30, 2011, Defendant Pacheco filed her second Motion for Summary Judgment [#173].  On October 5, 2011, Plaintiff filed yet another Request for Stay of Proceedings [#176], the Motion at issue, which is his fourth request for

---

[1] Defendant Pacheco is the only remaining Defendant in this matter.  *See Order Affirming and Adopting Recommendation of United States Magistrate Judge* [#112]; *see also Recommendation of United States Magistrate Judge* [#108] at 14 ("Therefore, the sole remaining viable claim is a 'permanent injunction' against Defendants Pacheco and Lopez ordering Defendants to reinstate Plaintiff's kosher diet." (footnote omitted)).  Defendant Lopez was not timely served and was therefore dismissed from the case.  *See Order Affirming and Adopting Recommendation of United States Magistrate Judge* [#112] at 10.

a stay of all proceedings in this case.

Although Dr. Frantz, through her Affidavit, corroborates Plaintiff's story that he recently underwent surgery, Plaintiff's representations of the alleged resulting hardship are inaccurate, given the information contained in his medical record and his repeated filing of motions throughout the history of this case.  The information provided by Dr. Frantz reveals that the recent surgery affected Plaintiff's left elbow, which appears to be fully healed.  In any event, according to Dr. Frantz, Plaintiff is right-handed and apparently able to read and write.  In light of these facts, Plaintiff's request for a stay is unwarranted.  However, in consideration of the Court's obligation to a *pro se* litigant, the Court will again *sua sponte* extend the deadline for Plaintiff to respond to Defendant Pacheco's Motion for Summary Judgment [#173] and to file his own dispositive motions to one month from the date of this Order, which is ample time, in the context of this rapidly aging lawsuit, to prepare and submit such documents, if Plaintiff so chooses.  Accordingly,

IT IS HEREBY **ORDERED** that Plaintiff's Request for Stay of Proceedings [#176] is **DENIED**.

IT IS FURTHER **ORDERED** that the deadline for the filing of Plaintiff's dispositive motions and a Response to Defendant Pacheco's Motion for Summary Judgment is extended up to and including **November 23, 2011**.  **Absent <u>exceptional</u> cause, the Court will not grant any further request for extension of time, nor will the Court entertain any further request for a stay of proceedings.  The Court again reminds Plaintiff of his obligation to ensure that <u>all</u> of his pleadings are entirely truthful and accurate.  Failure to do so <u>will</u> result in imposition of sanctions, including a recommendation**

**that the case be dismissed.**

Dated:  October 24, 2011

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge