IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02328-WYD-KLM

WELLMAN GIBSON,

     Plaintiff,

v.

SGT. VERENA PACHECO,

     Defendant.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

     This matter is before the Court on Plaintiff's **Motion to Judge Daniel to Dismiss Judge Mix for Lies, Blatantly Ignoring Facts Presented to the Court Involving Perjury on Part of Defendants & Refusal to Forward Appeals by Plaintiff** [Docket No. 185; Filed November 10, 2011] (the "Motion").

     IT IS HEREBY **ORDERED** that the Motion to Recuse is **DENIED** for the reasons set forth below.

     This is the second request by Plaintiff to have the undersigned Magistrate Judge recused from all further proceedings in his case. *See Motion to Disqualify Magistrate Judge Mix for Bias and Prejudice with Supporting Affidavit* [#96]; *Order Denying Plaintiff's Motion to Recuse* [#100]. As grounds for recusal, Plaintiff contends that I have entered several rulings which are adverse to his interests. *See Motion* [#185] at 1-2. Specifically, Plaintiff avers that I have "made statements pertaining to Plaintiff's ability to read & write & also pertaining to the condition of Plaintiff after surgery;" that I have made my rulings

based only Defendants' filings; that I have "threatened the Plaintiff on more than one occasion & accused Plaintiff of lying when in fact Plaintiff proved to the Court Def. were lying & not Plaintiff;" and that I have allowed Defendants to submit false affidavits.  *See id.* He does not mention any specific ruling in his Motion.

Pursuant to 28 U.S.C. § 455(a), a Magistrate Judge shall disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned." In the Tenth Circuit, courts use a "reasonable person" standard in applying the statute.  *See, e.g.*, *Hinman v. Rogers,* 831 F.2d 937, 939 (10th Cir. 1987); *see also United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993) ("The standard is purely objective.  The inquiry is limited to outward manifestations and reasonable inferences drawn therefrom.  In applying the test, the initial inquiry is whether a reasonable *factual* basis exists to call the judge's impartiality into question.").

The purpose of the statute is not to provide litigants with "a veto power over sitting judges, or a vehicle for obtaining a judge of their choice."  *Cooley*, 1 F.3d at 993. Moreover, "a judge has a strong duty to sit when there is no legitimate reason to recuse." *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002) (citation omitted).  "'[U]nsubstantiated suggestions, speculations [and] opinions[]' are insufficient to establish even the appearance of any bias, prejudice, or misconduct that would warrant judicial recusal."  *Carpenter v. Boeing Co.,* 456 F.3d 1183, 1204 (10th Cir. 2006) (citation omitted).

Although Plaintiff's dissatisfaction with the Court is manifest, there is no basis for concluding that my impartiality in this matter might reasonably be questioned.  Indeed, the Tenth Circuit has made clear that although recusal motions are frequently based upon

speculation or beliefs, prior adverse rulings in the proceeding, and/or baseless personal attacks on the judge by a party, none of these circumstances warrants recusal.  *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [Further], judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.").

To the extent that Plaintiff takes issue with my involvement in resolving motions he would prefer were handled by Judge Daniel, I note that Judge Daniel has expressly authorized me to participate in this case and to issue rulings accordingly [#15].  Further, I note that on May 28, 2010, Judge Daniel struck Plaintiff's motion to strike all of my prior rulings and informed Plaintiff that I have "appropriately exercised [my] jurisdiction over this case."  *Order* [#99] at 2.  Finally, to the extent that Plaintiff seeks review of any specific ruling, the proper method is to file an objection.  *See id.*

Simply put, there is no reason why my impartiality might *objectively* or *reasonably* be questioned in this case.  The allegations and accusations made in the Motion are unsubstantiated and insufficient.  My duty remains to hear the case as assigned.

Dated:  December 21, 2011

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge