IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02328-WYD-KLM

WELLMAN GIBSON,

    Plaintiff,

v.

SGT. VERENA PACHECO,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Notice to Court & Motion to Access Typewriter in Cell** [Docket No. 188; Filed November 17, 2011] (the "Motion"). In the Motion, Plaintiff requests greater access to the law library and a typewriter in his cell. He claims that without these requests being granted, he is being denied the ability to file a motion for summary judgment and complete other filings in connection with his lawsuit.

    Defendant filed records enumerating Plaintiff's requests and actual access to the law library. *See Access to Law Library* [#190-1] at 1-2. In August 2011, he made seven requests for access to the law library; he was granted access all but one of those times, when the facility was under lockdown. *See id.* In September 2011, he made five requests, and he was granted access all but one of those times, when he was in the process of being transferred to another facility, although he also failed to show at one of the times for which he was granted access. *See id.* at 1. In October 2011, he made two requests, was granted both, but only showed once. *See id.* In November 2011, he made four requests

and was granted three; he was denied the fourth time because of a scheduling issue at the facility. *See id.* In *White v. Gregory*, a prisoner plaintiff claimed that his constitutional rights were violated because he was only permitted two hours per week in the jail law library. *See* 87 F.3d 429, 430 (10th Cir. 1996). The Tenth Circuit noted that prisoners are not entitled to unlimited access to the law library and accordingly ruled that the plaintiff's constitutional rights were not violated. *See id.* Applying *White* to the access records provided by Defendant, the Court finds that Plaintiff has had regular access to the law library and thus is not entitled to a Court Order requiring the prison facility to provide him with greater access to the law library.

Plaintiff also requests a typewriter in his cell to "help speed things up." *See Motion* [#188] at 3. "Access to the courts does not include a federally protected right to use a typewriter or to have one's pleadings typed, the reason being that pro se prisoners['] causes are not prejudiced by the filing of handwritten briefs." *Twyman v. Crisp*, 584 F.2d 352, 358 (10th Cir. 1978) (internal citations omitted). The docket in this case is replete with filings by Plaintiff in this matter. Applying *Twyman* to Plaintiff's request for a typewriter, the Court finds that Plaintiff is not entitled to a Court Order requiring the prison facility to provide him with a typewriter in his cell. Accordingly,

IT IS HEREBY **ORDERED** that the Motion is **DENIED** for the reasons set forth above.

Dated: December 22, 2011

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge