IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02328-WYD-KLM

WELLMAN GIBSON,

    Plaintiff,

v.

SGT. VERENA PACHECO,

    Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant Pacheco's **Motion to Dismiss Plaintiff's Claims for Injunctive Relief as Moot** [Docket No. 204; Filed March 21, 2012] (the "Motion"). Plaintiff, who is proceeding *pro se*, filed a Response [#208] in opposition to the Motion on April 2, 2012. Defendant Pacheco filed a Reply [#212] on April 9, 2012. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1C.3., the Motion has been referred to this Court for a recommendation regarding disposition. The Court has reviewed the Motion, Plaintiff's Response, Defendant Pacheco's Reply, the entire case file, and the applicable law and is sufficiently advised in the premises. For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion be **GRANTED**.

**I. Background**

**A. Factual History**

Plaintiff is an inmate at the Colorado Department of Corrections ("CDOC") and was incarcerated at the Arkansas Valley Correctional Facility ("AVCF") at all times relevant to

his claims. Plaintiff's allegations relate to the revocation of his Kosher meal privileges pursuant to CDOC's "two strikes" policy governing religious diets. *See Recommendation of United States Magistrate Judge* [#203] at 2. The "two strikes" policy requires all inmates who receive religious diets to refrain from eating foods prohibited by their religious dietary restrictions. *Id.* at 3-4. If the inmate fails to abide by the terms of the policy on two separate occasions within a one-year period, the inmate's religious diet is terminated. *Id.* at 4.

Plaintiff's Kosher diet was revoked on September 3, 2009 after he received his second "strike." *Id.* at 5. Although Plaintiff could not receive a Kosher diet for a period of one year, he was permitted to reapply for the diet program after that year had elapsed. *Id.* at 6. On September 3, 2010, Plaintiff submitted a Request for a Religious Diet, but his request was denied after he refused to sign the accompanying Religious Diet Participation Agreement containing the "two strikes" policy. *Id.* As of September 28, 2011, Plaintiff had not attempted to reapply for the Kosher diet. *Id.* at 6. However, on March 13, 2012, Plaintiff submitted another Request for a Religious Diet and signed the Religious Diet Participation Agreement. *Ex. A-1, Aff. of Charleen Crockett* [#204-1] at 6. This request was granted, and Plaintiff's Kosher meals were reinstated on March 20, 2012. *Id.*

**B. Procedural History**

Plaintiff initiated this action on September 30, 2009, alleging violations of his First Amendment right to free exercise of religion, right to due process, and right to equal protection pursuant to 42 U.S.C. § 1983, and a claim pursuant to the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc to 2000cc-5. *See Compl.* [#29]. In his Complaint, Plaintiff requested the following relief: (1) declaratory and

injunctive relief for his alleged mistreatment in prison because of his religion; (2) damages in the amount of three hundred dollars for each day the CDOC withheld Kosher meals from him; (3) the removal of the Christian television station or the addition of more religious television stations; and (4) additional damages in the amount of three hundred dollars per day for his mental and emotional injuries. *Compl.* [#29] at 8. On September 22, 2010, all of the original Defendants, with the exception of Defendant Pacheco, were dismissed from this suit. *See Order Affirming and Adopting Recommendations of United States Magistrate Judge Mix* [#112] at 10; *Order* [#91] at 2. Additionally, all of Plaintiff's requests for relief were dismissed, with the sole exception of his demand for permanent injunctive relief against Defendant Pacheco. *Id.* at 8.

Defendants filed the Motion at issue on March 21, 2012, advocating dismissal of the case against Defendant Pacheco pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction due to the mootness of Plaintiff's request for injunctive relief. *Motion* [#204] at 1.

When considering Plaintiff's Response [#208] and other filings, the Court is mindful that it must construe the filings of a *pro se* litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be a *pro se* litigant's advocate, nor should it "supply additional factual allegations to round out [a *pro se* litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

## II. Standard of Review

The purpose of a motion to dismiss pursuant to Rule 12(b)(1) is to test whether the Court has jurisdiction to properly hear the case before it. Because "federal courts are courts of limited jurisdiction," the Court must have a statutory basis to exercise its jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *see* Fed. R. Civ. P. 12(b)(1). Statutes conferring subject-matter jurisdiction on federal courts are to be strictly construed. *F & S Const. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Id.* (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

A motion to dismiss pursuant to Rule 12(b)(1) may take two forms: facial attack or factual attack. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). When reviewing a facial attack on a complaint, the Court accepts the allegations of the complaint as true. *Id.* By contrast, when reviewing a factual attack on a complaint, the Court "may not presume the truthfulness of the complaint's factual allegations." *Id.* at 1003. With a factual attack, the moving party challenges the facts upon which subject-matter jurisdiction depends. *Id.* The Court therefore must make its own findings of fact. *Id.* In order to make its findings regarding disputed jurisdictional facts, the Court "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing." *Id.* (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990); *Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir.), *cert. denied*, 484 U.S. 986 (1987)). The Court's reliance on "evidence outside the pleadings" to make findings concerning purely jurisdictional facts does not convert a motion to dismiss pursuant to Rule 12(b)(1) into a motion for summary judgment pursuant to Rule 56. *Id.*

### III. Analysis

Plaintiff's only remaining demand for relief in this case is a request for permanent injunctive relief against Defendant Pacheco, which would result in the reinstatement of Plaintiff's Kosher diet. *See Order Affirming and Adopting Recommendations of United States Magistrate Judge Mix* [#112] at 8; *Motion* [#204] at 3-4. Defendant Pacheco argues that because Plaintiff's Kosher diet was reinstated on March 20, 2012, after Plaintiff's most recent Request for a Religious Diet was approved, Plaintiff's claims are now moot.[1] *Motion* [#204] at 3-4. For the reasons articulated below, the Court agrees.

This Court has no jurisdiction to consider moot cases, that is, cases in which "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980) (citation omitted). A claim may become moot at any point in the controversy and deprive the Court of authority to decide questions which had previously been at issue. *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990). It is "not enough that the dispute was alive when the suit was filed; the parties must continue to have a personal stake in the outcome." *McLendon v. City of Albuquerque*, 100 F.3d 863, 868 (10th Cir. 1996). A case is moot if events "make it impossible for the court to grant any effectual relief whatever to a prevailing party." *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) (internal quotations omitted).

In this case, Plaintiff's request for a permanent injunction has become moot as a

---

[1] Although Plaintiff filed a Response [#208] to the Motion at issue, he has failed to articulate any arguments in opposition to Defendant Pacheco's assertion of mootness beyond the conclusory assertion that "[t]hings are not moot." *Response* [#208] at 1. Additionally, Plaintiff's Response fails to recognize that the Court has already dismissed his request for monetary damages in the form of $300 per day. *See Order Affirming and Adoption Recommendations of United States Magistrate Judge Mix* [#112] at 8.

result of the reinstatement of his Kosher diet. *See Ex. A-1, Aff. of Charleen Crockett* [#204-1] at 6. Injunctive relief can only be obtained for current or prospective injury and cannot be conditioned on a past injury that has already been remedied. *See Nova Health Sys. v. Gandy*, 416 F.3d 1149, 1155 n.6 (10th Cir. 2005) (quoting *San Diego County Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996) ("Because plaintiffs seek declaratory and injunctive relief only . . . it is insufficient for them to demonstrate only a past injury")). Thus, the Court could not issue an injunction for what has now become Plaintiff's past injury, i.e. his inability to eat Kosher food while incarcerated. Because Plaintiff's only remaining claim for relief is a request for a permanent injunction against Defendant Pacheco, the Court could not grant any effectual relief to Plaintiff, regardless of the outcome of this case. Plaintiff no longer maintains a personal stake in the outcome, and this case no longer presents a "live" controversy for the Court to resolve.

Although Plaintiff did not raise the voluntary cessation exception to mootness in his Response, the Court finds it appropriate to briefly address this doctrine in consideration of Plaintiff's *pro se* status. *See Hale v. Ashcroft*, 683 F. Supp. 2d. 1189, 1198 (D. Colo. 2009) (liberally interpreting the *pro se* prisoner plaintiff's argument to raise the issue of voluntary cessation). "It is well-settled that 'a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice.'" *Friends of the Earth, Inc. v. Laidlaw Environ. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (citation omitted). Here, Defendant Pacheco's voluntary cessation only serves to moot Plaintiff's claim if she can satisfy the "'heavy burden' of showing that 'it is absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.'" *Saleh v. BOP*, No. 05–cv–02467–PAB–KLM, 2009 WL 3158120, at *6 (D. Colo. Sept. 29, 2009)

6

(unpublished decision) (quoting *Laidlaw*, 528 U.S. at 189). In this case, any future revocation of Plaintiff's Kosher meal privileges would be highly fact-specific, and "review of future instances of wrongful behavior may be quite different [from] the complained-of example that already has ceased." *Hale*, 683 F. Supp. 2d. at 1198 (quoting *Unified Sch. Dist. No. 259, Sedgwick County, Kan. v. Disability Rights Ctr.*, 491 F.3d 1143, 1150 (10th Cir. 2007)).

Given that Plaintiff's new Request for a Religious Diet was approved on March 20, 2012, it does not appear that the past conduct at issue in this case could have any bearing on his future ability to receive Kosher meals. Pursuant to CDOC policy, Plaintiff would have to receive two new "strikes" in order to again be removed from the religious diet program. In that instance, the Court would be required to review factual contentions that are wholly separate from the factual allegations at issue in this case. *See id.* (holding that because the *pro se* prisoner plaintiff's subsequent disciplinary violations leading to a SAMs classification would be highly fact-specific, plaintiff's claim for review of his SAMs designation was moot after defendant voluntarily revoked that classification); *but see Saleh*, 2009 WL 3158120, at *6 (holding that because the defendant could subsequently revoke the *pro se* prisoner plaintiff's participation in a step-down program without providing additional due process, defendant had not met the heavy burden of establishing that plaintiff's due process claim was moot). Therefore, the Court finds that the doctrine of voluntary cessation does not provide an exception to the mootness of Plaintiff's case. *See Tandy v. City of Wichita*, 380 F.3d 1277, 1291 (10th Cir. 2004) (recognizing mootness if "it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." (citation omitted)).

Furthermore, the Court finds that Plaintiff's case does not fall within the "capable of

7

repetition, yet evading review" exception to the mootness doctrine. *S. Pac. Terminal Co. v. ICC*, 219 U.S. 498, 515 (1911). This exception only applies where two narrow conditions are present: "(1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again." *Spencer v. Kemna*, 523 U.S. 1, 17 (1998) (citations omitted). Both conditions must be satisfied to apply the exception. *Id.* Here, Plaintiff's case is moot as a result of his willful submission of a Request for a Religious Diet. *See Ex. A-1, Aff. of Charleen Crockett* [#204-1] at 6. Because Plaintiff made the decision to apply for the reinstatement of his Kosher diet, his own actions have resulted in the inability of the Court to provide injunctive relief, because the Plaintiff's injury is now merely a past injury that has already been remedied. *See Nova Health Sys.*, 416 F.3d at 115 n.6. Accordingly, the mootness of Plaintiff's case is not a result of the duration of Defendant Pacheco's challenged acts, but instead of Plaintiff's decision to reapply for the diet.

Furthermore, the Court finds that there is no reasonable expectation that Plaintiff will be subject to the same actions alleged to have resulted in the revocation of his Kosher diet in this case. While Plaintiff's own future conduct may result in the imposition of more "strikes" and perhaps even another revocation of his Kosher diet, this is not only entirely within his control, but too speculative to raise a reasonable concern. Even if the Court were to find otherwise, and to review the "strikes" at issue in this case, "[n]o interest of [the litigant's] would be served by invalidating them now." *See Hale*, 683 F. Supp. 2d. at 1199 (citation omitted) (finding no reasonable expectation when "any opinion reached or injunction ordered would be merely advisory and would not provide Plaintiff with any relief

8

from his current conditions").

Accordingly, the Court recommends that Defendant Pacheco's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) be granted due to the mootness of Plaintiff's request for injunctive relief.[2]

## IV. Conclusion

For the foregoing reasons, the Court respectfully **RECOMMENDS** that Defendant Pacheco's **Motion to Dismiss Plaintiff's Claims for Injunctive Relief as Moot** [#204] be **GRANTED**, and that Plaintiff's case be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: April 16, 2012

---

[2] Defendant Pacheco alternatively argues that Plaintiff's case is moot because she does not have the authority to decide whether Plaintiff's Kosher diet may be reinstated. *Motion* [#204] at 4. However, because the Court finds that Plaintiff's claim is moot pursuant to Defendant Pacheco's first argument, the Court need not address this alternative contention.

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge