IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 09-cv-02328-WYD-KLM

WELLMAN GIBSON,

     Plaintiff,

v.

SGT. VERENA PACHECO,

     Defendant.

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATIONS OF
UNITED STATES MAGISTRATE JUDGE**

---

I.    <u>INTRODUCTION</u>

THIS MATTER is before the Court on both Defendant Pacheco's Motion for

Summary Judgment (ECF No. 173) and Defendant Pacheco's Motion to Dismiss

Plaintiff's Claims for Injunctive Relief as Moot (ECF No. 204).   The motions were

referred to Magistrate Judge Kristen L. Mix for a Recommendation by Order of

Reference dated October 23, 2009.   On March 14, 2012, Magistrate Judge Mix issued

a Recommendation ("First Recommendation") that Defendant Pacheco's Motion for

Summary Judgment be granted in part and denied in part.   On April 16, 2012,

Magistrate Judge Mix issued a further Recommendation ("Second Recommendation")

that Defendant Pacheco's Motion to Dismiss Plaintiff's Claims for Injunctive Relief as

Moot be granted.   Both the First and Second Recommendations are incorporated

herein by reference.   *See* 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b).

Magistrate Judge Mix advised the parties that they had fourteen (14) days to

serve and file written, specific objections to the First and Second Recommendations. Both Plaintiff and Defendant Pacheco filed timely objections to the First Recommendation which necessitates a *de novo* determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive.   Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).   No objections were filed as to the Second Recommendation.

II.   BACKGROUND

        Plaintiff is a *pro se* inmate in the Colorado Department of Corrections ("CDOC") and was incarcerated at the Arkansas Valley Correctional Facility ("AVCF") at all relevant times related to his claims.   On November 5, 2009, Plaintiff filed an Amended Complaint alleging that Defendant Pacheco violated his rights by revoking his Kosher meal privileges at AVCF.[1]   Plaintiff asserts that the termination of his Kosher diet infringed upon his ability to practice his religion while incarcerated, in violation of the Free Exercise Clause of the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA").   Plaintiff also claims that he was denied due process prior to the termination of his Kosher meal privileges in violation of the Fourteenth Amendment.   Finally, Plaintiff alleges that the AVCF staff violated the Equal Protection Clause of the Fourteenth Amendment by specifically targeting inmates who received Kosher meals.

---

[1]   On September 22, 2010, by written order, I dismissed all other Defendants originally sued in this matter. (ECF No. 112).   Additionally, all of Plaintiff's requests for relief were dismissed except for his demand for permanent injunctive relief against Defendant Pacheco.

III.   FIRST RECOMMENDATION

On September 30, 2012, Defendant Pacheco filed a Motion for Summary

Judgment requesting dismissal of all of Plaintiff's claims.   On March 14, 2012, in a

detailed and thorough Recommendation, Magistrate Judge Mix recommended that the

Motion for Summary Judgment be granted as to Plaintiff's equal protection, due process

and RLUIPA claims, but denied as to Plaintiff's First Amendment claim.   More

specifically, as to the First Amendment claim, Magistrate Judge Mix concluded that a

genuine issue of material fact exists with respect to whether Defendant Pacheco

complied with the CDOC's religious diet regulations.

By way of background, Magistrate Judge Mix found that in June 2006, Plaintiff

began participating in the religious diet program at AVCF.   In order to receive a

religious diet, all inmates were required to comply with CDOC regulations governing

these special diets.   Magistrate Judge Mix noted that

> [u]nder these regulations, the inmate was required to submit
> a Request for a Religious Diet form, and sign a Religious
> Diet Participation Agreement (the "Agreement").   In June
> 2006, Plaintiff completed the requirements to participate in
> the Kosher diet program, and began receiving Kosher meals.
>
> In order to continue receiving a religious diet, inmates
> were required to comply with the terms listed in the
> Agreement.   This requirement applied to all inmates
> participating in the program, regardless of the type of
> religious diet that they received.   CDOC's "two strikes"
> policy applied when the inmate violated the terms of the
> Agreement.   After the first violation, or first "strike," the
> inmate received a written warning, but could continue to
> participate in the program.   If the inmate violated the terms
> of the Agreement a second time within a year of the first
> violation, the inmate was removed from the religious diet

> program.   However, the inmate could reapply one year after
> his second "strike," and could be reinstated.   Plaintiff's
> Kosher diet was terminated on September 3, 2009, pursuant
> to the "two strikes" policy.

(First Recommendation at 3-4).

On September 23, 2008, Plaintiff received his first strike when a CDOC correctional officer observed Plaintiff putting food into his shirt while in the facility chow hall.   Plaintiff was given written notice that if he violated the Agreement a second time within a year, his Kosher diet would be terminated.   On September 3, 2009, Plaintiff received his second strike when a correctional officer observed him eating cookies with his Kosher lunch.   When asked if cookies were part of the Kosher diet plan, Defendant Pacheco confirmed they were not.   Defendant Pacheco drafted the CDOC Religious Diet Non-Compliance Report, and Plaintiff's Kosher diet was terminated.   (First Recommendation at 5-6).

As of September 28, 2011, Plaintiff had not attempted to reapply for the Kosher diet program.   However, relevant to Defendant Pacheco's Motion to Dismiss Plaintiff's Claims for Injunctive Relief as Moot, on March 13, 2012, Plaintiff submitted another request for a Religious Diet, and signed the Religious Diet Participation Agreement. This request was granted, and on March 20, 2012, Plaintiff's Kosher meals were reinstated.

A.   Standard of Review

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   *See Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986). A movant who bears the burden at trial must submit evidence to establish the essential elements of its claim or affirmative defense. *In re Ribozyme Pharms., Inc. Sec. Litig.*, 209 F. Supp. 2d 1106, 1111 (D. Colo. 2002). In contrast, if the movant "does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (internal quotations omitted).

The non-moving party may not rest solely on the allegations in the pleadings, but instead must designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *see* Fed. R. Civ. P. 56(e). An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997). When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.*; *see McBeth v. Himes*, 598 F.3d 708, 715 (10th Cir. 2010).

B.    Equal Protection Claim

Plaintiff claims that the CDOC's Religious Diet Participation Agreement violates equal protection because it is used to target individuals who receive Kosher diets. In response, Defendant Pacheco asserts that all applicants for the religious diet program (not just those receiving Kosher meals) must adhere to the terms of the Agreement. In her Recommendation, Magistrate Judge Mix first noted that Plaintiff failed to

-5-

demonstrate the requisite personal participation in order to sustain a section 1983 claim against Defendant Pacheco.   She found that "[t]here is no indication that Defendant Pacheco was a party to the memorandum used as evidence to support Plaintiff's equal participation claim."   (First Recommendation at 10).   Second, Magistrate Judge Mix concluded that "the memorandum does not demonstrate intent sufficient to support a violation of equal protection."   (First Recommendation at 11).   Thus, Plaintiff failed to satisfy his burden of demonstrating that discriminatory intent was the motivating factor in revoking his Kosher diet, or that he was treated differently from similarly situated inmates.

In his objection, Plaintiff argues that Defendant Pacheco failed to submit any evidence that the Memorandum targeted all religious diets equally, not just Kosher diets.   (Objection at 1).   However, I note that Magistrate Judge Mix thoroughly detailed and discussed all of Defendant Pacheco's proffered evidence showing that all inmates, regardless of the particular religious diet they receive, must comply with the Agreement's terms and "two strikes" policy.   (*See* First Recommendation at 12). Specifically, in support of her position, Defendant Pacheco submitted evidence from the prison's Food Service and Laundry Programs Administrator along with the CDOC's official "Request for Religious Diet" form and the text of the Agreement itself.   Based on my review of the record, I agree with Magistrate Judge Mix that there is no genuine issue of material fact with respect to whether Defendant Pacheco intentionally and purposefully discriminated against Plaintiff because of his religious beliefs.   Plaintiff's objection is overruled and summary judgment is entered in favor of Defendant Pacheco

on the equal protection claim.

    C.   <u>Due Process</u>

Plaintiff claims that his constitutional right to due process was violated because he received no notice or opportunity to be heard prior to the termination of his Kosher diet.   Plaintiff argues that he was not violating the terms of the Agreement when he received the "two strikes" that ultimately removed him from the religious diet program.

Magistrate Judge Mix accurately noted that to state a due process claim, a plaintiff must both show that he possesses a protected liberty interest and that he was not afforded the appropriate level of process.   (First Recommendation at 13).   She also stated that "[c]ourts have consistently recognized that receiving a Kosher diet while incarcerated does not constitute a protected liberty interest sufficient to sustain a due process claim."   (First Recommendation at 14).   Thus, because Plaintiff failed to establish the existence of a protected liberty interest, Magistrate Judge Mix recommended that summary judgment be entered on Plaintiff's due process claim.

Plaintiff objected stating that "[a] due process procedure, hearing with evidence would have made this whole process in court moot."   (Objection at 1).   While Plaintiff's objection may be factually accurate, I agree with Magistrate Judge Mix that his claim does not meet the threshold requirements of a valid due process claim.   Because it is well settled that there is no protected liberty interest in receiving a Kosher diet while in prison, Plaintiff's objection is overruled, and summary judgment is properly entered on Plaintiff's due process claim.

    D.   <u>First Amendment</u>

In her First Recommendation, after a detailed analysis, Magistrate Judge Mix found that "a genuine issue of material fact exists as to whether CDOC employees at AVCF, including Defendant Pacheco, complied with regulations governing religious diets when they removed Plaintiff from the religious diet program." (First Recommendation at 17). Thus, Magistrate Judge Mix recommended that summary judgment be denied as to this claim.

On March 21, 2012, Defendant Pacheco filed a timely objection to this portion of the First Recommendation. However, also on March 21, 2012, Defendant Pacheco separately filed her Motion to Dismiss Plaintiff's Claims for Injunctive Relief as Moot because Plaintiff was again participating in the Kosher diet program. The only remaining claims in the action are claims for injunctive relief—that Plaintiff be placed back on the Kosher diet. Thus, in the objection, Defendant Pacheco states that should Magistrate Judge Mix grant the motion to dismiss Plaintiff's injunctive claims, her objection would be moot. Since Magistrate Judge Mix's Second Recommendation grants Defendant Pacheco's motion to dismiss injunctive relief, I find that Defendant Pacheco's instant objection is moot.

Accordingly, no proper objections having been filed, I am vested with discretion to review this portion of the First Recommendation "under any standard [I] deem[] appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those

-11-

findings").   Nonetheless, though not required to do so, I review this portion of the First

Recommendation to "satisfy [my]self that there is no clear error on the face of the

record."[2]   *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes.

After my review, I am satisfied that there is no clear error on the face of the

record.   I find that Magistrate Judge Mix's conclusion that that there are genuine issues

of material fact as to Plaintiff's First Amendment claim is thorough, well reasoned and

sound.   I agree with Magistrate Judge Mix that the Defendant's motion for summary

judgment should be denied as to Plaintiff's First Amendment claim.

E.    RLUIPA

Finally, Magistrate Judge Mix noted that

> [t]o survive a motion for summary judgment, a plaintiff must
> provide evidence of the following three elements: (1) that
> the plaintiff wishes to engage in a religious exercise; (2) that
> this wish is motivated by a sincerely-held belief; and (3) that
> the exercise is subject to a substantial burden imposed by
> the government.

(First Recommendation at 23).[3]   As to the second element of Plaintiff's RLUIPA claim,

Magistrate Judge Mix concluded that Defendant Pacheco failed to meet her burden of

showing that there is no genuine issue of material fact as to whether Plaintiff is

motivated by sincerely-held religious beliefs.   However, as to the third element of

Plaintiff's RLUIPA claim—whether Plaintiff's exercise of Judaism is subject to a

substantial burden—Magistrate Judge Mix found that Plaintiff failed to establish that the

---

[2]   Note, this standard of review is something less than a "clearly erroneous or contrary to law"
standard of review, Fed R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).

[3] I note that Defendant does not contest Plaintiff's ability to meet the first element of a RLUIPA claim.

terms of the Agreement and the "two strikes" policy constitute a substantial burden.

> First, Plaintiff has failed to carry his burden of demonstrating that the Agreement requires participation in an activity prohibited by a sincerely-held religious belief. On the contrary, the Agreement and "two strikes" policy actually require the inmate to commit to, and refuse to waiver from, conduct motivated by sincerely-held religious dietary beliefs.   Plaintiff has also failed to show that the "two strikes" policy prevents participation in conduct motivated by a sincerely-held religious belief, again because the "two strikes" policy actually requires an inmate to abide by the dietary restrictions imposed by his religion. Finally, Plaintiff has not demonstrated that the "two strikes" policy places substantial pressure on the prisoner to not engage in conduct motivated by his sincerely-held religious belief or to engage in conduct contrary to his sincerely-held religious belief.   *See Abdulhaseeb*, 600 F.3d at 1315; 42 U.S.C. § 2000-1(a).

(First Recommendation at 28).

In his objection, Plaintiff asserts that "dietary restrictions are a religious mandate" and that Defendant Pacheco has "not shown their [sic] two strikes policy is least restrictive since it has been shown to have massive holes in it."   (Objection at 3). Plaintiff offers no further argument nor any explanation in support of this objection.

After carefully reviewing the proffered evidence and the controlling law, I agree with Magistrate Judge Mix that CDOC's religious diet program and Agreement do not place substantial pressure on a prisoner to engage in conduct contrary to his or her sincerely-held religious belief.   "Instead, the policy places pressure on the inmate to conform to a diet motivated by a sincerely-held religious belief at the risk of losing his religious diet privileges."   (First Recommendation at 28).   "Although an inmate may be denied a religious diet pursuant to the 'two strikes' policy, it is only after the inmate has

strayed from the requirements of this religious diet *twice* that his diet is revoked." (First Recommendation at 28). Accordingly, after carefully reviewing Magistrate Judge Mix's Recommendation and Plaintiff's objection, I overrule the objection and agree with Magistrate Judge Mix that summary judgment should be entered on Plaintiff's RLUIPA claim.

IV.   SECOND RECOMMENDATION

On March 21, 2012, Defendant Pacheco filed a Motion to Dismiss Plaintiff's Claims for Injunctive Relief as Moot. In the motion, Defendant Pacheco requests dismissal of this case in its entirety pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction due to the mootness of Plaintiff's sole remaining demand for permanent injunctive relief. On April 16, 2012, Magistrate Judge Mix issued a Second Recommendation that the Motion to Dismiss be granted. Magistrate Judge Mix reasoned that since Plaintiff applied for the reinstatement of his Kosher diet, "his own actions have resulted in the inability of the Court to provide injunctive relief, because the Plaintiff's injury is now merely a past injury that has already been remedied." (Second Recommendation at 8). Moreover, Magistrate Judge Mix found that "there is no reasonable expectation that Plaintiff will be subject to the same actions alleged to have resulted in the revocation of his Kosher diet in this case. While Plaintiff's own future conduct may result in the imposition of more 'strikes' and perhaps even another revocation of his Kosher diet, this is not only entirely within his control, but too speculative to raise a reasonable concern." (Second Recommendation at 8).

No objections were filed to the Second Recommendation. Accordingly, having carefully reviewed the Second Recommendation, I am satisfied that there is no clear

error on the face of the record.   I find that Magistrate Judge Mix's Second

Recommendation is thorough, well reasoned and is adopted.   Defendant Pacheco's

Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) is granted due to the mootness of

Plaintiff's request for injunctive relief.

V.     CONCLUSION

For the reasons stated above, it is

ORDERED that the First Recommendation of United States Magistrate Judge

Mix (ECF No. 203), filed March 14, 2012, is **AFFIRMED** and **ADOPTED**.

In accordance therewith, it is

FURTHER ORDERED that Defendant Pacheco's Motion for Summary Judgment

(ECF No. 173) is **GRANTED IN PART and DENIED IN PART** pursuant to Fed. R. Civ.

P. 56(b).   The motion is granted to the extent that judgment shall be entered in favor of

Defendant Pacheco on Plaintiff's equal protection, due process and RLUIPA claims

only.   The motion is denied in all other respects.   It is

FURTHER ORDERED that the Second Recommendation of United States

Magistrate Judge Mix (ECF No. 213), filed April 16, 2012, is **AFFIRMED** and

**ADOPTED**.

In accordance therewith, it is

FURTHER ORDERED that Defendant Pacheco's Motion to Dismiss Plaintiff's

Claims for Injunctive Relief as Moot (ECF No. 204) is **GRANTED** and that Plaintiff's

case is **DISMISSED** pursuant to Fed. R. Civ. P. 12(b)(1).

Dated:   September 13, 2012

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge